### FOGAL v. MID–STATES FREIGHT LINES, Inc. et al.

#### No. 99, Docket 22157.

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1951.

Decided Jan. 7, 1952.

J. Emmett O'Brien, Rochester, N. Y. (John S. Gilman, Rochester, N. Y., of counsel, on brief), for plaintiff-appellee.

David B. Sugarman, Syracuse, N. Y., for defendants-appellants.

Before CHASE, CLARK and FRANK, Circuit Judges.

483

PER CURIAM.

The appellee's intestate was killed while driving alone in an automobile on Route 33–A in New York when his car ran into the rear of a tractor-trailer owned by appellant Mid-States Freight Lines, Inc., and operated at the time by appellant Moore. There being diversity of citizenship, this suit for damages caused by his death was brought in the district court. From a judgment on a verdict for the plaintiff, this appeal has been taken and two questions are raised: (1) whether it was error to deny the appellant's motion to dismiss the complaint for failure to prove a cause of action; and (2) whether it was error to deny a motion to set aside the verdict on the ground that the plaintiff's decedent was guilty of contributory negligence as a matter of law.

The accident occurred on June 12, 1949 about half an hour before sunrise when both the tractor-trailer and the automobile were on their right side of a two lane concrete road some two or three hundred feet below the crest of a rise in the highway. There was conflicting evidence as to whether the tractor-trailer was stopped at the time of the accident. Appellant Moore, the only eye witness, testified that he was then driving at a speed of about thirty or thirty-five miles an hour; the plaintiff introduced evidence based upon the physical circumstances surrounding the accident to show that the tractor-trailer was not then moving. The alleged negligence was predicated upon the appellant's violation of New York Vehicle and Traffic Law, McK.Consol.Laws, c. 71, § 58–a, which makes it unlawful for a motor vehicle to park on the paved portion of a highway except in an emergency, and Section 15 (17), which requires that flares be placed when vehicles such as the tractor-trailer here involved are parked on the highway; compliance with neither of which was here shown. Credible evidence that the tractor-trailer was stopped at the time of the accident consists, as it may, only of evidence of the physical circumstances surrounding the accident. Meinrenken v. New York Cent. & H. R. R. Co., 81 App.Div. 132, 80 N.Y.S. 1074; Evansville Container Corp.

v. McDonald, 6 Cir., 132 F.2d 80. Being sufficient to sustain the plaintiff's burden of proving *prima facie* the appellant's negligence, Martin v. Herzog, 228 N.Y. 164, 126 N.E. 814, that issue, and the issue of proximate cause, were properly left to the jury. Consequently, there was no error in denying the motion to dismiss the complaint.

Nor do we find any error in the denial of the motion to set aside the verdict for alleged contributory negligence. The burden to show contributory negligence was on the appellants, New York Decedent Estate Law, McK.Consol.Laws, c. 13, § 131, and under the circumstances here shown the question was one of fact for the jury. Lee v. City Brewing Corp., 279 N.Y. 380, 18 N.E.2d 628; Lonstein v. Onondaga Freight Corp., 265 App.Div. 978, 38 N.Y.S.2d 698, affirmed 290 N.Y. 735, 49 N.E.2d 1005.

Judgment affirmed.