BERTHA SIKORA, Respondent, v. GENE D. KEILLOR et al., Appellants, et al., Defendant.

Second Department, July 9, 1962.

*Edmund J. Kane* of counsel (*James A. McKaigney,* attorney), for appellants.

*Bernard Meyerson* of counsel (*Frank A. Jablonka,* attorney), for respondent.

CHRIST, J.   The question before us is whether the exemption from civil liability which is granted to a volunteer fireman by section 205-b of the General Municipal Law extends to the absent owner of a motor vehicle used by such fireman in the performance of his duty.

The statute in pertinent part reads: " Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firemen, except for wilful negligence or malfeasance.  Nothing in this section contained shall in any manner affect the liability imposed upon cities, towns and villages by section two hundred eighty-two-g of the highway law "[1].

This is an action to recover damages for personal injuries resulting from the alleged negligent operation of an automobile owned by defendant Gene D. Keillor and operated by defendant Ronald Keillor while the latter was in the performance of his duties as a volunteer fireman.  The complaint does not charge the absent owner of the automobile with direct negligence but only with vicarious liability arising from the driver's negligent operation of the vehicle.

Special Term struck out the affirmative defense of the automobile owner, defendant Gene D. Keillor, in which she asserted the codefendant fireman's freedom from liability by reason of section 205-b of the General Municipal Law.  The court held that the fireman's immunity is no bar to recovery against the absent owner of the vehicle.  We feel constrained to disagree with the determination of the learned Justice then sitting at Special Term.

In our opinion, the underlying purpose of the statutory exemption, viz., to encourage and facilitate volunteer firemen's service, will not be accomplished if the immunity from liability does not extend to the owner of the vehicle which was used by the fireman

---

1. Now sections 50-a and 50-b of the General Municipal Law, derived from section 282-g of the Highway Law, which refer to negligence in the operation of a "municipally owned vehicle."

in the performance of his duty. But quite apart from such reason, in view of the derivative or secondary character of the owner's liability under section 388 of the Vehicle and Traffic Law (formerly Vehicle and Traffic Law, § 59), it logically follows that if no recovery can be had against the volunteer fireman, there is no right of action against the absent owner whose liability is purely statutory (cf. *Naso* v. *Lafata,* 4 N Y 2d 585; *Rauch* v. *Jones,* 4 N Y 2d 592).

Section 388 of the Vehicle and Traffic Law wrought a change in the common law by attributing the negligence of the operator to the owner of the motor vehicle being used with the owner's permission (*Mills* v. *Gabriel,* 259 App. Div. 60, 61, affd. 284 N. Y. 755). This statute was designed to prevent an owner, who had given permission for the use of his automobile, from escaping liability to injured persons by claiming that the automobile was not being used in his business (*Plaumbo* v. *Ryan,* 213 App. Div. 517). The owner of the vehicle is under no liability for the operator's negligence save that which is imposed on him by the provisions of the Vehicle and Traffic Law. Since the statute is in derogation of the common law, it " may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied " (*Psota* v. *Long Is. R. R. Co.,* 246 N. Y. 388, 393).

We do not ascribe to the Legislature the intent to immunize the negligent fireman operator and at the same time to impose liability on a nonnegligent owner. If the operator is released, the owner must be deemed to be released as well, since the owner's liability depends upon and springs from the operator's liability; basically one cannot exist without the other.

Nor is there any need for the responsibility to be fastened on the owner of the vehicle in order to facilitate plaintiff's recovery for an actionable wrong. Section 205-b of the General Municipal Law, which exempts volunteer firemen from liability for ordinary negligence, transfers such liability to the municipality, thereby effecting a substitution of remedies and parties.

It is said that if the owner be held liable, he would have a claim over against the municipality. Even if, *arguendo,* the validity of that statement be assumed, such circuity of action would serve no purpose, since, as indicated, plaintiff has been given a direct cause of action against the municipality.

The case (*Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 253) cited in the opinion of Special Term, does not control the situation at bar. In that case liability was imposed under the rule of *respondeat superior.* The question of the vicarious statutory liability of an absent automobile owner was not involved.

Accordingly, the order should be reversed as to defendant Gene D. Keillor, with $10 costs and disbursements to her, and plaintiff's motion to strike out the affirmative defense of that defendant should be denied.

The appeal by defendant Ronald Keillor should be dismissed, since the order does not apply to him and he therefore is not a party aggrieved.

Hopkins, J. (dissenting). I dissent and vote to affirm the order insofar as it applies to defendant Gene D. Keillor.

The validity of the affirmative defense of the owner, defendant Gene D. Keillor, hinges on the construction of two legislative enactments relating to liability arising from the negligent operation of a motor vehicle. Essentially, our task is to determine whether their provisions so collide as to be conflicting, and to resolve such a conflict, if any exists. Our approach to the task must be governed by the admonition that we are bound "in interpreting a statute, to construe it in view of other statutes relating to the same subject-matter, in accordance with the sense of its terms and the intention of the framers of the law", and to harmonize their provisions (*Town of Putnam Val.* v. *Slutzky,* 283 N. Y. 334, 343; *Wood* v. *City of New York,* 274 N. Y. 155, 159; 2 Sutherland, Statutory Construction [3d ed.], § 5201, pp. 531–532).

Section 388 of the Vehicle and Traffic Law, imposing liability on the owner of a motor vehicle for the negligence of an operator, was first enacted in 1924 in substantially its present form (L. 1924, ch. 534, as Highway Law, § 282-e; later as Vehicle and Traffic Law, § 59). It was the purpose of the statute to change the common-law rule that an owner might be held responsible for the negligence of a competent operator only on the theory of agency (*Van Blaricom* v. *Dodgson,* 220 N. Y. 111) or *respondeat superior* (*Potts* v. *Pardee,* 220 N. Y. 431), and to fix liability rather on the consent of the owner to the use of the motor vehicle. Nonetheless, the liability of the owner at common law on the theory of *respondeat superior* was not displaced; it continued with the same effectiveness (*Irwin* v. *Klein,* 271 N. Y. 477, 484; *Gochee* v. *Wagner,* 257 N. Y. 344, 347). The intent of the statute to benefit the person injured through the negligence of the operator was all the more demonstrated by the contemporaneous requirement that insurance policies issued to the owner must contain an indemnity against the liability imposed on the owner (Insurance Law, § 109, as amd. by L. 1924, ch. 639; now Insurance Law, § 167, subd. 2; cf. *Mills* v. *Gabriel,* 259 App. Div. 60, 61–62, affd. 284 N. Y. 755). Hence, the legislative policy

clearly was to grant to an injured party a right of action against the motor vehicle owner for the negligence of the motor vehicle operator using the vehicle with the owner's consent.

In 1959 the solicitude of the State for the person injured by the negligent operation of a motor vehicle was deepened by the enactment of the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6; L. 1959, ch. 775). The purpose of that act was thus stated: "The legislature determines that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them" (Vehicle and Traffic Law, § 310, formerly Vehicle and Traffic Law, § 93).

The liability of a volunteer fireman for injury due to his negligent operation of a motor vehicle is determined by a complex of statutes (General Municipal Law, §§ 205-b, 50-a, 50-b, 50-c). At common law a volunteer fireman was liable for his torts (*Ottmann* v. *Village of Rockville Centre,* 275 N. Y. 270, 273), and the municipality which was his master was shielded by the doctrine of governmental immunity (*Matter of Evans* v. *Berry,* 262 N. Y. 61; 4 Restatement, Torts, § 888, Comment *c*). The effect of these statutes was to remove governmental immunity from the municipality and to confer on the volunteer fireman an immunity from liability for his negligent operation of a motor vehicle in the performance of duty (cf. *Nardone* v. *Milton Fire Dist.,* 261 App. Div. 717, 720, affd. 288 N. Y. 654). We may fairly infer that the legislative policy was designed to protect the volunteer fireman performing a service for the benefit of the community and to visit upon the community the liability arising out of his service.

The statutes are silent, however, with respect to the existing liability imposed by section 388 of the Vehicle and Traffic Law or its predecessors upon the owner of a vehicle operated by the fireman; the immunity granted to the volunteer fireman is personal to him and may not be extended, unless plainly commanded by the intent of the Legislature. "It is a well-settled rule in this State that a party has a right to sue on any cause of action which he holds, and any statutory exception to that right must be distinctly expressed" (*Saxe* v. *Peck,* 139 App. Div. 419, 420; cf. *Seligman* v. *Friedlander,* 199 N. Y. 373, 376). We must be mindful of the limits of the function of the judicial process in treating legislation. Chief Judge LEARNED HAND has said: "It is always a dangerous business to fill in the text of a statute from its purposes, and, although it is a duty often

unavoidable, it is utterly unwarranted unless the omission from, or corruption of, the text is plain " (*Harris* v. *Commissioner of Internal Revenue,* 178 F. 2d 861, 864 [C. C. A. 2d]).

Reading the statutes under consideration in the light of their objectives, I find no conflict in either the language of their provisions or the spirit of the public policies which gave them birth. Though the operator of a motor vehicle may be a volunteer fireman who enjoys immunity for his negligent acts, the party injured as an outcome of the fireman's negligence still may maintain a cause of action against the owner who loaned the vehicle to the fireman. This result is consistent with the general principle that the immunity of one tort-feasor does not inure to the benefit of a second tort-feasor (*Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 253; *Riemers* v. *Clark,* 252 App. Div. 892; *Schomber* v. *Tait,* 207 Misc. 328; *Contino* v. *Baltimore & Annapolis R. R. Co.,* 178 F. 2d 521, 525 [C. C. A. 4th]; see, also, 4 Restatement, Torts, § 880; 2 Harper and James, Torts, § 26.16, p. 1425).

Nor do I regard the result to inflict an unreasonable hardship on the defendant owner. She may assert her rights under the theory of common-law indemnity against the municipality which appointed the fireman, for as between the vicarious liability of the owner under statute and the vicarious liability of the municipality under *respondeat superior* and the statute, the burden of the loss should be imposed upon the municipality as the party upon whose business the operator was acting at the time of the happening of the injury (*Traub* v. *Dinzler,* 309 N. Y. 395, 400); and the action of indemnity accrues when payment to the injured party has been made by the defendant owner (*Milstein* v. *City of Troy,* 272 App. Div. 625).

The objectives of the public policies underlying the statutes here involved are satisfied by restricting the immunity from liability to the volunteer fireman alone. The right of an injured party to recover against the owner of a vehicle for the negligence of a person operating the vehicle with the permission of the owner is enforced; the exemption from liability of the operator as a volunteer fireman in the performance of his duty is recognized; and the loss is ultimately borne by the municipality, whose responsibility it is made by law.

Neither *Naso* v. *Lafata* (4 N Y 2d 585), nor *Rauch* v. *Jones* (4 N Y 2d 592), holding that an injured workman who is a passenger in a vehicle driven by a fellow employee may not sue the owner of the vehicle because the Workmen's Compensation Law provides an exclusive remedy, has application here.

The injured plaintiff in this action has no other remedy except the cause of action which the common law and statutes have afforded to him.

Hence, I concur in the dismissal of the appeal by defendant Ronald Keillor, but dissent from the reversal of the order as to defendant Gene D. Keillor and vote to affirm the order as to that defendant.

KLEINFELD, Acting P. J., BRENNAN and RABIN, JJ., concur with CHRIST, J.; HOPKINS, J., concurs in the dismissal of the appeal by defendant Ronald Keillor, but dissents, with opinion, from the reversal of the order as to the defendant Gene D. Keillor.

Order reversed as to defendant Gene D. Keillor, with $10 costs and disbursements to said defendant, and plaintiff's motion to strike out her affirmative defense denied.

Appeal by defendant Ronald Keillor dismissed, without costs; he is not aggrieved by the order.