■ GEORGE O'NEILL, Respondent-Appellant, v. THOMAS HAMILL, Respondent, and JOSEPH SYKES, Appellant.— In an action to recover damages for personal injury, the plaintiff and the defendant Sykes cross-appeal as follows from a judgment of the Supreme Court, Kings County, entered May 3, 1963 upon a jury's verdict after trial: (1) The plaintiff appeals from so much

of the judgment as dismissed his complaint as against the defendant Hamill; and (2) the defendant Sykes appeals from so much of the judgment as awarded damages to the plaintiff against him. On plaintiff's appeal: Judgment, insofar as appealed from, affirmed, without costs. On defendant Sykes' appeal: Judgment, insofar as appealed from, reversed on the law and the facts; action as against him severed; and a new trial granted solely as between plaintiff and said defendant, with costs to abide the event. Plaintiff failed to establish actionable negligence on the part of defendant Sykes. There is no doubt that his prior plea of guilty to the statutory violation of driving his automobile while intoxicated (Vehicle and Traffic Law, § 1192) was properly admitted, and that such violation, in and of itself, constituted negligence (*Ando* v. *Woodberry*, 8 N Y 2d 165; *Martin* v. *Herzog*, 228 N. Y. 164, 168). However, despite such proof and such negligence on the part of this defendant, he may be cast in liability only on the basis of a further showing that such statutory negligence was a proximate cause of the accident and of plaintiff's injury (cf. *Williams* v. *State of New York*, 308 N. Y. 548, 554; *Cole* v. *Swagler*, 308 N. Y. 325, 331; *Martin* v. *Herzog*, *supra*, p. 170; *Ricci* v. *Rolles*, 16 A D 2d 788). Proof of such causal connection was here absent. In the interests of justice a new trial is granted to permit plaintiff to show by proper proof, such causal connection. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.