Daniel E. Fitzpatrick, J.
In an action to recover damages for personal injuries allegedly sustained by reason of the negligence of the defendants, the corporate defendants All-State Vehicle Rentals Corp. and All-State Auto Rental Corp. move, pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the second cause of action in behalf of the infant plaintiff.
Defendant Mark was operating an automobile which had been 0 leased from defendant All-State Vehicle Rentals Corp., which has allegedly merged with defendant All-State Auto Rental Corp., when he allegedly ’struck the plaintiff. The second cause of action alleged in the amended complaint charges all the defendants with gross negligence and demands punitive damages
Section 388 of the Vehicle and Traffic Law imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his permission for the purpose of imposing on the owner liability to an injured third party. The policy behind said statute is to provide an injured party a remedy against a financially responsible defendant in order to obtain compensation for any injuries suffered, the financially responsible defendant being the owner who is' required to carry liability insurance. (Continental Auto Lease Corp. v. Campbell 19 N Y 2d 350; Mills v. Gabriel 259 App. Div. 60, affd. 284 N. Y. 755.) Punitive damages are penal in nature as distinguished from compensatory damages. (Hamilton v. Third Ave. R. R. Co., 53 N. Y. 25.) The object of punitive damages is to punish and deter a defendant from indulging in similar conduct in the future and are allowed where the wrong complained of is *896 morally culpable (Walker v. Sheldon, 10 N Y 2d 401). It is stated in Sikora v. Keillor (17 A D 2d 6, 8, affd. 13 N Y 2d 610): ‘1 The owner of the vehicle is under no liability for the operator’s negligence 'save that which is imposed on him by the provisions of the Vehicle and Traffic Law. Since the statute is in derogation of the common law, it 1 may not be presumed to make any innovation upon the common law further than is required by ithe mischief to be remedied ’ ”. If the Legislature had intended to subject an owner to liability for punitive damages 'because of the driver’s conduct, it would have included sulch a provision in said statute.
Moreover, assuming without deciding that the driver’s actions constituted willful and wanton negligence and were ‘ ‘ morally culpable ” so as to subject him to punitive damages, such liability should not be imputed to the owner since an automobile rental agency ha's no control of its lessee’s conduct as a driver when said lessee is operating the automobile. (Continental Auto Lease Corp. v. Campbell, supra.)
The plaintiff’s contention contained in its supporting papers that the .corporate defendants .should .be liable for punitive damages, since they leased an automobile to a customer who has had a number of accidents in recent months is without merit. Although there may be a cause of action against an owner of a motor vehicle apart from section 388 of the Vehicle and Traffic Law where the 'owner furnishes an incompetent with an automobile (Hogan v. Comac Sales, 245 App. Div. 216, affd. 271 N. Y. 562; Rice v. Spencer, 43 Misc 2d 331), the complaint contains no allegations of such a cause of action.
Accordingly, the motion by the corporate defendants to dismiss the second cause of action as against them for punitive damages is granted.