■ STANLEY SMITH, Respondent, v. WILLIAM A. CONWAY et al., Appellants.— COOKE, J. Appeal by defendants from a judgment of the Supreme Court entered upon a verdict in favor of plaintiff in a personal injury negligence action. The action arises out of the collision between two heavily laden tractor trailers facing in the same direction on the New York State Thruway at about 4:15 A.M. at a point where the two eastbound and two westbound lanes were separated by a grass mall. There was testimony that plaintiff, operating the rear vehicle, first observed the tractor trailer operated by defendant Conway without lights about 450 feet ahead; that plaintiff had been proceeding at about 55 miles per hour and then let up on his accelerator; that he glanced to the left when a car went to pass and looked again at the forward tractor trailer then 300 feet ahead; that the car completed its passing of both trucks and, when about 150 feet away, plaintiff " realized that the truck ahead * * * was either stopped or moving at a very slow rate of speed"; and that he jammed on his brakes, leaving 57 feet of skid marks, swerved to his left but the right front of the tractor plaintiff was driving came in contact

with the left rear of the trailer operated by Conway. Although appellant driver testified he was traveling 51 or 52 miles per hour, there was evidence from which it could be inferred that 55 minutes elapsed from the time he left a rest stop and covered the space of three or four miles to the point of accident. The proof presented questions of fact as to whether or not Conway was stopped or proceeding slowly or at a normal pace and as to whether or not lights were displayed on his rig. We cannot state that the preponderance of evidence in favor of defendants was so great that the finding in plaintiff's favor could not have been reached upon any fair interpretation of the evidence (*Sedgwick* v. *J. D. Maroney, Inc.*, 31 A D 2d 771; *Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, 544, affd. 9 N Y 2d 829). There was evidence showing acts of attempted avoidance on the part of plaintiff when he observed the tractor trailer without lights, such that it cannot be said that plaintiff was guilty of contributory negligence as a matter of law (*Leip* v. *Hyson*, 30 A D 2d 1004; *Neish* v. *Walsh*, 15 A D 2d 716; *Schuler* v. *Newhof*, 276 App. Div. 887; *Lonstein* v. *Onondaga Frgt. Corp.*, 265 App. Div. 978, affd. 290 N. Y. 735; *Fogal* v. *Mid-States Frgt. Lines*, 193 F. 2d 482, 483). The jury was charged that a violation of section 375 (subd. 2, par. [a]) of the Vehicle and Traffic Law, requiring the display of certain lights from one-half hour after sunset to one-half hour before sunrise, would be a sufficient predicate for a finding of negligence if that violation was the proximate cause of the accident. The mere fact that respondent saw the other trailer 450 feet distant is not controlling since the jury could have found here that the absence of lights made estimation of speed or motion, difficult or impossible, thereby causing the accident. Judgment affirmed, with costs. Herlihy, J. P., Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.; Aulisi, J., not voting.