**Salvatore LAURETTA, Plaintiff,**

v.

**Albert ARREDONDO, Defendant.**

**No. 70 Civ. 1940.**

United States District Court,
S. D. New York.

June 21, 1972.

Marcus & Levy, for plaintiff; John Selawsky, New York City, of counsel.

Sidney Orseck, Liberty, N. Y., for defendant.

## OPINION

LEVET, District Judge.

This personal injury case growing out of an automobile collision was first tried as to liability. Plaintiff prevailed by a jury verdict. The same jury heard the proof as to damages and returned a special verdict thereon.

Defendant at the completion of plaintiff's case on liability moved to dismiss for lack of sufficient proof and for a directed verdict on two grounds: (1) lack of proof of defendant's negligence; (2) lack of proof of plaintiff of freedom from contributory negligence. The court reserved decision.

After plaintiff's proof as to damages, defendant renewed his motions as to liability and the court again reserved decision. At that time defendant also moved to dismiss claims for future pain, suffering and disability. The court reserved decision.

After the jury verdict on damages, defendant renewed motions as to liability and attacked the damage verdict particularly as to (1) past loss of wages, (2) past pain, suffering and disability, and (3) future pain, suffering and disability.

The basis of defendant's grounds for relief in this case were stated as follows:

"(1) The verdict is contrary to law.

"(2) The verdict is contrary to the evidence.

"(3) The evidence considered in its most favorable light on behalf of the plaintiff is insufficient to support any verdict in favor of the plaintiff against the defendant herein.

"(4) The evidence shows, as a matter of law, that the injuries, if any, sustained by the plaintiff, on the day of the accident, were the result of his own gross contributory negligence both in double parking and without having lights in the front of his vehicle while double parked.

"(5) The verdict of the jury herein is excessive and is not supported by the evidence and appears to have been given under the influence of passion and prejudice." (Defendant's Memorandum, p. 1.)

## I

## LIABILITY

The claim against defendant was based primarily upon the fact that there was no doubt that defendant, driving his car on Eastchester Road in the Bronx on

May 12, 1968 struck plaintiff's car and that as a result plaintiff was injured.

Although defendant for certain reasons contends that this collision was unavoidable, I must conclude, after a separate trial of liability, that defendant was negligent as the jury also found by its special verdict.

The critical question, however, is whether the jury's determination, again indicated by its special verdict, that plaintiff has proved freedom from contributory negligence was warranted under the facts submitted.

The plaintiff, a young man in his twenties, had taken a young lady out for the evening, visited a movie show, had a late dinner, and about 2:30–3:00 A.M. drove her home in his Cadillac. There at 2511 Eastchester Road, cars being parked at the curb in front of her residence, he double parked his car, turned out the driving lights and, according to him, put the parking lights on. Then the couple remained in the front seat of the car for some ten to fifteen minutes before his car was struck by defendant's car which had come from the opposite direction.

Without more evidence it would be clear that plaintiff had not proved his freedom from contributory negligence. However, his proof included some evidence that other artificial illumination, in addition to parking lights, was visible in the immediate area, to wit, a street lighting fixture on a pole and, despite the hour, lights from a food store across the 60-foot highway and lights from a restaurant on the street next door to the young lady's home, in front of which the car was double parked.

The argument of plaintiff's counsel to the jury was that the cause of the accident was solely due to the acts or failure to act on the part of defendant. Plaintiff claimed: (a) defendant's car would have struck plaintiff's car anyway after defendant encountered a hole in the pavement and as a result, according to defendant's own testimony, veered into the lane of plaintiff's car and collided

with plaintiff's car; and (b) by reason of the artificial street and store illuminations, the double parked condition and the lack of plaintiff's headlights were not causal factors of the accident; that, hence, there was no contributory negligence.

In this connection "It is elementary that in order that the negligence for which a plaintiff is responsible be contributory and, hence, bar recovery, it must be a proximate cause of the injury. 65A C.J.S. Negligence § 129, p. 92 and cases cited therein. * * * " Joffe v. United States, 296 F.Supp. 1368, 1374 (S.D.N.Y.1969), affirmed in open court November 11, 1969 by the Court of Appeals, Second Circuit.

Hence, any motion to set aside the verdict as to liability must be denied.

## II

### DAMAGES

After the verdict for plaintiff on liability, the question of damages was presented to the same jury. By a special verdict the jury awarded the following damages to plaintiff:

(1) Hospital and medical expenses ........... $ 145.00
(2) Past pain, suffering and disability ....... $ 4,000.00
(3) Future pain, suffering and disability ....... $ 2,000.00
(4) Damage to car ...... $ 1,100.00
(5) Past loss of wages ... $ 2,000.00
TOTAL ............. $9,245.00

There was no substantial question as to Items (1) and (4) since the amount of such damages was not disputed.

The defendant, however, addressed motions to the following items:

(1) Past lost wages ..... $ 2,000.00
(2) Past pain, suffering and disability ....... $ 4,000.00
(3) Future pain, suffering and disability ....... $ 2,000.00

## (1) PAST LOST WAGES

█ As to past loss of wages, it conclusively appears that there was adequate proof of a two-months' disability and that from the wage records of plaintiff's employer, one Tony Abbate, the jurors accepting a disability period of approximately two months, gave plaintiff a sum of $2,000.00, which equalled the amount he had received for the two-months' period just prior to the date of the accident. Hence, I deny this motion.

## (2) PAST PAIN, SUFFERING AND DISABILITY

█ The award of $4,000.00 for past pain, suffering and disability appears excessive to defendant. Plaintiff spent a day or so at the hospital immediately after the accident, the second day's stay being voluntary. Later he entered another hospital (probably voluntarily) for perhaps a day, and received a certain number of physiotherapy treatments, as recommended by a Dr. Hoover. He complained of headaches and neck pains, he had a cut with several stitches on the inside of his lower lip. However, the hospital records show no substantial injury. The testimony of Dr. Hoover, an orthopedic surgeon, a witness for plaintiff, revealed no serious injuries, X-rays revealed no abnormality. Dr. Hoover said that he diagnosed plaintiff as having a sprain and contusion of the neck and a left-sided costochondral separation. (Hoover, SM 9.) The last time Dr. Hoover saw plaintiff was June 25, 1968. (Hoover, SM 12.) Dr. Hoover supported plaintiff's inability to work for about two months. (Hoover, SM 17.)

Under the facts of this case, like those in the authorities below cited, questions of fact are presented for jury determination. Martin v. Herzog, 228 N.Y. 164, 126 N.E. 814 (1920); O'Neill v. Hamill, 22 A.D.2d 691, 253 N.Y.S.2d 289 (2d Dept.1963); Dougherty v. Braddock Automatic Music Corp., 277 A.D. 923, 98 N.Y.S.2d 514 (3rd Dept.), appeal denied, 301 N.Y. 814 (1950); Lonstein v. Onondaga Freight Corp., 265 A.D. 978, 38 N.Y.S.2d 698 (3rd Dept.1942); Anderson v. Calkins, 252 A.D. 836, 298 N.Y.S. 985 (4th Dept.1937).

## (3) FUTURE PAIN, SUFFERING AND DISABILITY

█ When Dr. Hoover was asked if in his opinion the symptoms he had observed would be permanent, he stated: "That there does appear to be some permanent change." (Hoover, SM 24, 25.) However, when, on cross-examination, Dr. Hoover was asked if the fact that plaintiff during the examination by defense counsel had demonstrated his present ability to flex, extend and rotate his head just as well as he ever did before the accident, Dr. Hoover modified his opinion about future limitations by stating: "He certainly couldn't have much [i. e., restriction]. He could have some." "He could have some and not know it." (Hoover, SM 33.)

"Q. Do you say he does have a restriction today?

"A. No.

"Q. At all?

"A. No, I don't." (Ibidem.)

Since Dr. Hoover has not examined plaintiff since 1968, he admitted that at the time of trial (1972) he did not know whether plaintiff had any restriction. (Hoover, SM 34.)

Apparently, Dr. Hoover, in substance, noted plaintiff's discharge by him on October 1, 1968. He found no injury to plaintiff's back. (Hoover, SM 43.)

Dr. Hoover conceded that his records revealed no reference to any continued pain of any kind in the region of the chest the third or fourth time he saw plaintiff. (Hoover, SM 50.)

There was no neurological problem as reported to Dr. Hoover by another physician. (Hoover, SM 63.)

In short, as to future pain, suffering and disability, the proof is weak but I cannot say that the proof is totally absent since Dr. Hoover, the only physician who testified, said that there was *some* future effect, as above indicated.

Moreover, plaintiff is a young man, now only 28 years of age, with a life expectancy of 42.6 years under the Tables. Although I am no exponent of any unit measurement of pain, this life expectancy of plaintiff would, if calculated, equate an *annual* future damage of less than $200.00.

In Fiskratti v. Pennsylvania Railroad Company, 147 F.Supp. 765 (S.D.N.Y. 1957), I wrote:

"In determining whether the amount of damages awarded to the plaintiff are excessive, this Court will be guided by the rule expressed in Barry v. Edmunds, 116 U.S. 550, 565, 6 S.Ct. 501, 509, 29 L.Ed. 729, which is as follows:

"'* * * a verdict will not be set aside in a case of *tort* for excessive damages "unless the court can clearly see that the jury have committed some very gross and palpable error, or have acted under some improper bias, influence or prejudice, or have totally mistaken the rules of law by which the damages are to be regulated,"—that is, "unless the verdict is so excessive or outrageous," with reference to all the circumstances of the case, "as to demonstrate that the jury have acted against the rules of law, or have suffered their passions, their prejudices, or their perverse disregard of justice to mislead them." In no case is it permissible for the court to substitute itself for the jury, and compel a compliance on the part of the latter with its own view of the facts in evidence, as the standard and measure of that justice, which the jury itself is the appointed constitutional tribunal to award.'" (p. 767.)

As a result of all of these factors, although there may well be a difference of opinion as to liability in this case, it has been resolved by the jury by a fair preponderance of the credible evidence and I find no substantial reason to set that verdict aside. Secondly, as to the verdict on damages, although I believe that proof of future pain, suffering and disability is not overwhelming, the evidence is not so lacking by the customary and approved standards as to warrant setting aside that verdict. I have concluded that I must deny all motions addressed to the damage question.

Counsel for defendant with his customary diligence has submitted an exhaustive memorandum in support of his motions; plaintiff's counsel has likewise submitted appropriate and relevant authorities. I am forced to deny all motions by defendant.

So ordered.