■ JEAN ROBERTS, as Administratrix of the Estate of JOHN J. ROBERTS, Deceased, Appellant, v. THOMAS P. FALZONE, Respondent.— Judgment unanimously reversed, on the law and the facts, and a new trial granted with costs to abide the event. Memorandum: The record contains evidence that both the deceased pedestrian and the defendant operator had imbibed alcohol shortly before the accident. Errors in the court's charge and certain refusals to charge require that a new trial should be had. In view of the testimony referring to drinking the court should not have taken away from the jury the question of intoxication or impairment, as it did when it charged that "there has been no proof whatever from any source that either the motorist or the pedestrian was intoxicated at the time of the accident", or when it stated "there's been only testimony that both of these men took alcoholic beverages. That doesn't mean that that's the case." The court further erred in denying plaintiff's request to charge PJI 2:20. The standard of care in a situation like the instant case is covered particularly well in the requested instruction. Inasmuch as the chemist's report showing .18 of blood alcoholic content in defendant was admitted without objection, the court should have charged section 1192 of Vehicle and Traffic Law but should have told the jury that inasmuch as defendant operator was not arrested the presumptions found in section 1195 of the Vehicle and Traffic Law did not apply. (*People* v. *Leis,* 13 A D 2d 22; *People* v. *Manning,* 7 A D 2d 1008; *People* v. *Young,* 42 Misc 2d 540.) The charge also failed to explain clearly and fully to the jury the legal effect of a violation of statute and the requirement that the violation be a proximate cause of the accident. In passing, we agree that the trial

court properly refused to charge the doctrine of last clear chance. The claimed negligence and contributory negligence were contemporaneous in the instant case. " There must be an interval or time sequence in which the decedent's act of negligence was complete and when the defendant had an opportunity to save him" (*Carey* v. *Rodden*, 37 A D 2d 115, 116). See, also, *Kumkumian* v. *City of New York*, (305 N. Y. 167, 173). That is not the case here for the decedent continued to walk in the highway and defendant continued to drive toward the point of the accident. The interest of justice will be served by a new trial. (Appeal from judgment of Monroe Supreme Court in wrongful death action.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.