Frank R. Bayger, J.
This is an action for personal injuries allegedly suffered in a February 14, 1973 collision involving vehicles owned by the defendants Thomas Spoor and Stanley Laskowski. The plaintiff was a passenger in the Spoor automobile which was then being operated with the owner’s permission by Mrs. Margaret Spoor. The plaintiff and Mrs. Spoor were employees of the United States Army and were acting within the scope of their employment when the collision occurred. The action was therefore removed to the United States District Court pursuant to applicable Federal law (cf. US Code, tit 28, § 2679, subd [d]; § 1346, subd [b]). The complaint was subsequently dismissed as against Mrs. Spoor by reason of her immunity from suit under the Federal Drivers Act (US Code, tit 28, § 2679, subds [b]-[e]) and the bar of the Federal Employees Compensation Act ("FECA”, US Code, tit 5, § 8101 et seq.). The action was thereupon remanded to this court on the grounds that the remaining claims were without Federal jurisdiction. The defendant, Thomas Spoor, has now moved for a dismissal of the complaint and the defendant Laskowski’s cross claim on the grounds that his wife’s immunity from civil liability for this accident also exempts him *1004 from any derivative liability under section 388 of the Vehicle and Traffic Law (L 1959, ch 775).
The Federal Drivers Act (supra) immunizes Federal employees from civil liablity for the negligent operation of any vehicle while in the course of their employment. A claimant’s exclusive remedy as against the negligent Federal employee is an action against the Federal Government and any suit brought against the employee individually is deemed to be an action against the United States. In this case, however, the claimant is also a Federal employee and suit against the United States is barred by FECA. Thus, as between the plaintiff and the defendant, Margaret Spoor, the latter is immunized from liability for this accident and the plaintiff is restricted to a claim for compensation under FECA. It does not follow, however, that the plaintiff may not proceed against other persons legally responsible for her injuries. Unlike the law of New York, workmen’s compensation is not the exclusive remedy of a Federal employee injured in the course of his or her employment by the negligence of another employee (cf. Workmen’s Compensation Law, § 29, subd 6; US Code, tit 5, § 8116, subd [c]). Compensation is the injured employee’s exclusive remedy as against the United States, but not as against other parties who may be liable for the injuries sustained (Seligman v Gerlach, 28 Misc 2d 632, affd 15 AD2d 926).
Section 388 of the Vehicle and Traffic Law (L 1959, ch 775) imposes upon the owner of a vehicle, a statutory liability for the negligence of any person using or operating that vehicle in this State with the permission of the owner, express or implied. The statute creates a cause of action in favor of an injured party against the insured, financially responsible owner for the negligence of the operator (Ingle v Mark, 58 Misc 2d 895). The liability thus imposed upon the absent owner is purely statutory and is vicarious or derivative in nature. It is not founded upon any fault of the owner but solely upon the negligence of the operator. "[T]he owner’s liability depends upon and springs from the operator’s liability” (Sikora v Keillor, 17 AD2d 6, 8). In this case the allegedly negligent operator is immune from any civil liability and recovery against her is barred by the Federal Drivers Act (supra). The question to be decided upon this motion is whether that immunity extends to the nonnegligent, absentee *1005 owner so as to exempt him from any derivative liability under section 388.
In support of his position, the moving defendant has cited the Sikora case (supra) as well as Naso v LaFata (4 NY2d 585) and Rauch v Jones (4 NY2d 592). In the Naso and Rauch cases employees injured by the vehicular negligence of coemployees were denied recovery against the respective vehicle owners under the former section 59 (now section 388) of the Vehicle and Traffic Law. I do not believe those holdings are controlling in this case, however, as they were based upon the "exclusive remedy” provision of subdivision 6 of section 29 of the Workmen’s Compensation Law which represents a legislative prohibition of any suit founded upon the negligence of a coemployee. As stated by Chief Judge Conway, "It is not merely that the negligent employee is made immune from suit, but rather that the injured employee is precluded from proceeding in any other manner other than under the Workmen’s Compensation Law.” (Naso v LaFata, supra, p 590.) As discussed above, Federal employees, such as the plaintiff herein, are not so restricted under FECA (cf. US Code, tit 5, § 8116, subd [c]; see Marion v United States, 214 F Supp 320.)
Similarly, I do not believe the decision in Sikora v Keillor (supra) is determinative of the issue raised in this case. That action involved a claim arising from a volunteer fireman’s negligent operation of another’s vehicle while responding to a fire call. The court held that the statutory immunity from liability granted volunteer firemen by section 205-b of the General Municipal Law also exempted the absentee vehicle owner from liability under section 388 of the Vehicle and Traffic Law. In so ruling, however, the court relied upon the public policy underlying the firemens’ exemption and the fact that another financially responsible party, the municipality or fire district, is statutorily liable for such negligence. Here the plaintiff is without any substitute defendant.
The public policy underlying the 1924 enactment of section 282-e of the Highway Law (now Vehicle and Traffic Law, § 388) and later enactment of the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art 6) was to insure innocent victims of motor vehicle accidents a financially responsible party against whom recovery might be had for the injuries and damages they sustained (Plath v Justus, 28 NY2d 16; Ingle v Mark, 58 Misc 2d 895, supra). The right to seek redress in that regard and to otherwise prosecute any cause of *1006 action lawfully possessed is basic to our society and should not be needlessly infringed upon (cf. dissenting opn, Hopkins, J., Sikora v Keillor, 17 AD2d 6, 9, supra). Assuming for the purposes of this motion, that the plaintiff and the defendant Laskowski are entitled to recover upon their respective claims, an extension of Mrs. Spoor’s immunity from suit to the vehicle’s owner would accomplish nothing but injustice and would clearly contravene the public policy of this State. The immunity from suit accorded Mrs. Spoor under the Federal Drivers Act (supra) is not premised upon an absence of negligence nor does her Federal employment status otherwise absolve her from fault. She is merely exempted from liability for the damages she negligently inflicted upon others. Mrs. Spoor’s immunity is personal to her as a Federal employee and, in the absence of legislative mandate or binding judicial determination to the contrary, should not be extended to other persons legally responsible for her negligence (Kemp v Rockland Leasing, 51 Misc 2d 1073; see Davis v Harrod, 407 F2d 1280). The present motion is, therefore, denied.