■ DEBRA CORDERO et al., Respondents, v CITY OF NEW YORK, Appellant, and BERNARD J. CASSIDY, as Administrator of the Estate of JAMES CASSIDY, Deceased, Respondent, et al., Defendant. (And Other Titles.)—In consolidated actions, *inter alia,* to recover monetary damages for personal injuries and wrongful death, defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered October 11, 1983, which, upon a jury verdict, was in favor of (1) plaintiffs Debra Cordero and Frank Cordero in the principal sums of $1,000,000 and $20,000, respectively, (2) plaintiff Maria Cacicio in the principal sum of $500,000, (3) plaintiff Patricia Ann Spinelli in the principal sum of $250,000, (4) plaintiff Helen Gaffney in the principal sum of $100,000, and (5) plaintiff Bernard J. Cassidy in the principal sum of $100,000.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial granted, with costs to abide the event.

The instant case arises out of a one-car collision which occurred in Kings County on April 9, 1978, at approximately 3:30 A.M. The accident resulted in the deaths of James Cassidy, the operator of the vehicle, and John Gaffney, a front-seat passenger, as well as serious physical injuries to fellow passengers Debra Cordero, Maria Cacicio, and Patricia Ann Spinelli.

As a result of the occurrence, the survivors of the accident and the estate of John Gaffney commenced diverse causes of action against the Cassidy estate, the City of New York and the New York City Transit Authority. At or about the same time the Cassidy estate commenced an additional action against the city in which the New York City Transit Authority was joined as a third-party defendant. The actions were consolidated by order of the Supreme Court, Kings County, dated May 5, 1983, and, thereafter, proceeded to trial.

At trial it was established, *inter alia,* that the plaintiffs were injured when the Cassidy vehicle struck one of the pillars which support the elevated subway tracks in the vicinity of New Utrecht Avenue and 86th Street in Brooklyn. In addition, plaintiffs presented evidence in the form of an opinion by an expert in highway design that the placement of the subject pillar constituted an extreme hazard to traffic and that the unlighted warning and safety devices employed thereon were totally insufficient to warn motorists of its presence. The evidence adduced by the defendants tended to show that prior to the accident, certain safety features, including diamond-shaped hazard markers, had been installed on the subject pillar, that three surveys of the area had been conducted by the office of the borough engineer since 1972, and that a system of blinking hazard lights had been considered for installation by the borough engineer in 1977 but was rejected. Mere mention of surveys has no talismanic quality; the city did not produce the persons who took the surveys, nor were any written copies of the surveys offered in evidence. The city cannot rely on the doctrine of *Weiss v Fote* (7 NY2d 579) merely by submitting conclusory declarations that surveys were made without at least producing written copies or testimony by those who made the surveys. The former borough engineer did testify, however, that in his opinion certain of the additional safety measures suggested by the plaintiffs' expert would actually have *increased* the existing hazard and should never be used. As has already been indicated, the jury found in favor of the plaintiffs and against the city, and this appeal followed.

On appeal, the city argues, *inter alia,* that plaintiffs are barred from recovery under the doctrine of *Weiss v Fote* (*supra*), which generally exempts a municipality from liability for injuries arising out of the operation of a duly executed highway safety plan. We disagree with this conclusion. Although the court in *Weiss v Fote* (*supra*) "limited municipal liability for judgmental error in planning highway design [it, nevertheless] recognized a continuing obligation [on the part of a municipality] to review [its] plan in light of its actual operation" (*Gutelle v City of New York,* 55 NY2d 794, 795; *see also, Lattanzi v State of New York,* 53 NY2d 1045, *affg* 74 AD2d 378), and held, *inter alia,* that liability could be predicated upon proof that the highway safety plan either "evolved without adequate study or lacked [a] reasonable basis" (*Weiss v Fote, supra,* at p 589; *see, Alexander v Eldred,* 63 NY2d 460; *Ufnal v Cattaraugus County,* 93 AD2d 521, 523, *lv denied* 60

NY2d 554; *Zalewski v State of New York,* 53 AD2d 781). Thus, since a rational trier of fact could find, on the record considered as a whole, that the city and its agents had permitted the design and safety features of the subject location to evolve without adequate study (*cf. Muller v State of New York,* 108 AD2d 181), a judgment against the city may be sustained.

There was, however, an error of sufficient magnitude committed by the trial court as to warrant a reversal. The evidence adduced at trial tended to establish that the operator of the instant vehicle (Cassidy) may have had a blood alcohol content of as high as .21% and a brain alcohol level of as high as .18%. Moreover, a defense expert testified that on the basis of this information he would have to conclude that the operator was "frankly intoxicated" at the time of the accident. From this evidence, the jury most certainly could have found that Cassidy was in violation of Vehicle and Traffic Law § 1192 (operating a motor vehicle while under the influence of alcohol or drugs), and that such a violation was a contributing cause of this accident. Nevertheless, the court refused to instruct the jury that a violation of this statute would constitute negligence (PJI 2:26). Instead, the court charged that the question of Cassidy's intoxication was but one factor for the jury to consider in determining whether or not he exercised due care in the operation of his vehicle. This was clearly erroneous, since the unexcused violation of a statutory standard of care is negligence and can create liability if found to be a proximate cause of the accident (*see,* PJI 2:25, 2:26; *Martin v Herzog,* 228 NY 164; *see also, O'Neill v Hamill,* 22 AD2d 691; *Roberts v Falzone,* 46 AD2d 1007). Under no view of the record can this error be regarded as harmless, and in light of the fact that a properly instructed jury may well have exonerated the city, a trial de novo is required in the interest of justice.

In light of the above determination, we pass upon no further issue. Lazer, J. P., Gibbons, Brown and O'Connor, JJ., concur.