Zachary SIEGAL and Gae Siegal, Plaintiff,

v.

Arlene Lois ASHKINAZY, Defendant.

No. 92 CV 3918 (SJ).

United States District Court, E.D. New York.

April 7, 1994.

48

Zachary W. Carter, U.S. Atty., E.D.N.Y., by Warren Ausubel, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Neil L. Kanzer, Garden City, N.Y., for defendant.

## ORDER

JOHNSON, District Judge:

## INTRODUCTION

Before this Court is a motion by the United States of America (the "government") for summary judgment which was joined by Plaintiffs. This motion is joined by Defendant Arlene Lois Ashkinazy.

## BACKGROUND

On March 31, 1990, Plaintiff Zachary Siegal was a passenger in a vehicle driven by Jacob "Jack" Ashkinazy which was registered in the name of Defendant Arlene Lois Ashkinazy. Mr. Siegal and Mr. Ashkinazy were members of the Army Reserve and were returning from weekend duty when they were involved in an accident in Maryland.

On October 14, 1990, Zachary Siegal and Gae Siegal brought suit in the Supreme Court of the State of New York, Queens County against Mr. Ashkinazy for damages. The United States certified that Mr. Ashkinazy was acting within the scope of his employment at the time of the accident, substituted itself as defendant, and removed the action to the Eastern District of New York pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2). This action was captioned *Siegal v. United States,* 91 CV 0105 and was assigned to Judge Nickerson. Upon a motion by the government, Judge Nickerson dismissed Plaintiffs' complaint on September 2, 1992 for failure to file administrative claims as required by the Federal Tort Claims Act, 28 U.S.C. 2675(a). This decision allowed the Plaintiffs sixty days to cure the jurisdictional defect by filing the administrative claims, but Plaintiffs did not do so.

Another action, *Siegal v. Ashkinazy,* No. 11469/91, was removed on August 14, 1992 from the Supreme Court of New York, Rockland County to this court pursuant to 28 U.S.C. §§ 1441, 1442, and 2679(d)(2). The Defendant also sought substitution of the United States as a defendant, and on February 17, 1993 Defendant moved, as third-party plaintiff, to serve the summons and complaint upon the United States on the grounds that the government is liable to the defendant for any judgment. Leave to serve was granted on March 17, 1993.[1]

The United States has now made a motion for summary judgment on the grounds that this removal was improper and that this action should be remanded to the state court.

1. This motion was granted as no opposition papers were filed. The government contends that the motion was never served upon them. At this time, the Defendant has also apparently not served the government with the complaint and summons.

Plaintiffs have joined this motion. Defendant Ashkinazy has opposed this motion alleging that the United States is not a party and therefore cannot make a motion for summary judgment. Defendant also asserts that she was acting as an employee, agent, or instrumentality of the United States Government thereby making removal under these provisions proper.

## DISCUSSION

■ Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Here, all of the parties have explicitly adopted the facts as set forth by the movant, the United States of America. Therefore, the only dispute is over the correct interpretation of the law.[2]

A. Removal Pursuant to 28 U.S.C. § 1442

■ Removal pursuant to 28 U.S.C. § 1442(a)(1)[3] can only be requested by persons specified in the statute:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of congress for the apprehension or punishment of criminals or the collection of the revenue.

Defendant asserts that because the United States Army authorized travel to and from active duty training by "privately owned conveyance," she was placed in the unique position of being an instrumentality of the United States government and can thus utilize the statutory provision permitting removal by those acting on behalf of the United States in an official capacity. This court disagrees with this characterization; Ms. Ashkinazy is not an officer or employee of the United States and therefore cannot take advantage of this provision. Moreover, the simple act of permitting her husband to use her car to transport himself and a friend does not make the Defendant an instrumentality of the United States government. *See Reilly v. Peterson*, 435 F.Supp. 862 (S.D.N.Y.1977) (holding that the owner of a car being driven by a federal employee is not a federal employee, nor do his acts give rise to a claim under the federal statute); *Padlo v. Spoor*, 90 Misc.2d 1002, 396 N.Y.S.2d 798 (1977) (holding that the non-federal employee of a car driven by a federal employee was not derivatively immune from suit). Accordingly, removal under this provision was improper.

B. Removal Pursuant to 28 U.S.C. § 2679(d)(2)

■ Plaintiff asserts that 28 U.S.C. § 2679(d)(2) provides a basis for removal: Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or

2. The government contends that Defendant Ashkinazy's papers should not be considered as they were not timely filed. On March 22, 1993, the parties agreed to adjourn the return date of this motion from April 9, 1993 to May 27, 1993. According to the rules of this court at that time, responses were to be "served and filed at least fourteen days before the return date." Defen-

dant filed her papers on May 21, 1993 which indeed was untimely; however, we have considered the papers for this motion.

3. 28 U.S.C. § 1442(b) is not implicated as there have been no allegations that Plaintiffs are aliens.

**50**

proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

This provision specifies steps to be taken when an action is commenced against a government employee which Defendant is not; and this provision specifically states that removal shall be by the Attorney General which Defendant also is not. Accordingly, removal was improper under this provision.

### C. Removal Pursuant to 28 U.S.C. § 1441

 The only possibly applicable provisions of this statute permit removal when parties are diverse or when the action involves a federal question or federal right. Here, complete diversity does not exist as the Plaintiffs and Defendant are all from New York. Furthermore, Judge Nickerson has earlier decided that Plaintiff's failed to file administrative claims. *Siegal v. United States of America*, No. 91–cv–105 (E.D.N.Y. Sept. 9, 1992) (order dismissing case for lack of subject matter jurisdiction). This failure means that there is no jurisdiction in federal court and only a state law issue remains. Therefore, this court lacks subject matter jurisdiction over this action and remand to the state courts is appropriate.

### D. Standing of the United States of America

 Defendant asserts that the United States is not a party to this action and therefore has no standing to bring a motion for summary judgment. Although this Court granted Defendant leave to serve a complaint against the United States and Defendant sought to substitute the United States as a defendant, it would appear that the United States has not yet been made a party to this action. However, it is not necessary to decide whether the United States has standing to bring this motion because the Plaintiffs joined in the government's motion and they certainly have standing. Moreover, this court can raise the lack of subject matter jurisdiction on its own. *Insurance Corp. of Ireland, Ltd. v. Campagnie des Bauxites de Guinea*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (*quoting Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884) ("Indeed, the lack of subject matter jurisdiction may be asserted at any time by the court, *sua sponte*, either at the trial or appellate level.")).

### CONCLUSION

For the reasons stated above, Plaintiffs motion for summary judgment is GRANTED and this action is remanded to the New York State Court for the County of Rockland for further proceedings.

SO ORDERED.