OPINION OF THE COURT
David Goldstein, J.
This is a motion by defendant Taormina for an order granting summary judgment dismissing the complaint, pursuant to CPLR 3212.
The action was brought to recover damages for the wrongful *964 death of plaintiffs decedent, Michael D. Wagner, Jr., who, on October 26, 1991, was struck and killed by a vehicle owned by defendant Taormina and operated by defendant Paredes. At the time of the incident, Paredes was intoxicated. He was arrested and subsequently pleaded guilty to manslaughter in the second degree before Mr. Justice Hanophy, admitting that, at the time, he was intoxicated and was recklessly operating the vehicle. He was sentenced on January 4, 1993, to a 5-to-15-year term of imprisonment.
In seeking summary judgment relief, Taormina contends that the liability imposed upon her as owner of the vehicle under Vehicle and Traffic Law § 388 extends only to negligent acts by one using the vehicle with her permission or consent, not to reckless or grossly negligent conduct. In support of her position, she relies upon the underlying distinction between negligent and reckless conduct and, in particular, Ingle v Mark (58 Misc 2d 895), where the court refused to impose upon the owner of the vehicle (a rental company), any responsibility for punitive damages directed against the operator, who, it was found, had acted in a grossly negligent manner.
. Contrary to movant’s argument, neither the statute nor any reported decisions support the claim that an owner’s liability under section 388 of the Vehicle and Traffic Law is limited to negligence, and not reckless or grossly negligent conduct. Any such holding in line with that suggested by movant would be both logically and legally absurd and would impose a standard inconsistent with those authorities which have held that evidence of driving while intoxicated, as a statutory violation, would be prima facie proof of negligence, sufficient to impose liability upon a finding of a causal connection (see, O’Neill v Hamill, 22 AD2d 691, 692; see also, Cordero v City of New York, 112 AD2d 914).
In that context, the underlying purpose of Vehicle and Traffic Law § 388 is to have a financially responsible defendant where a vehicle, being operated with the owner’s permission and consent, causes injury or death (Continental Auto Lease Corp. v Campbell, 19 NY2d 350, 352; Aetna Cas. & Sur. Co. v Brice, 72 AD2d 927, 929). For that purpose, the nature of the underlying offensive conduct is not dispositive, whether it be. technically categorized as either negligence or gross negligence. Bearing in mind the statutory purpose to be accomplished, it is clear that the term "negligence” in section 388 is sufficiently broad to include gross negligence and reckless acts, contrary to the position assumed on this motion. The determi *965 nation advanced by movant would defeat the central purpose the statute is designed to accomplish.
It would also effectively nullify well-established precedent in effect for over 75 years, since at least Martin v Herzog (228 NY 164), that unexcused omission of a statutory standard is negligence (see also, Alongi v Beuter, 286 App Div 990; Smith v Conway, 32 AD2d 868, lv denied 25 NY2d 741; PJI 2:26). In our case, what is actually in issue, at least in part, is whether there was a violation of Vehicle and Traffic Law § 1192, prescribing the operation of a motor vehicle while under the influence of alcohol. In pleading guilty to the criminal charge, Paredes admitted that he acted recklessly, i.e., that he had been driving and drinking. Under established authority, a violation of the statute, namely, driving while intoxicated, is negligence, sufficient to impose liability if a finding of proximate cause is made (see, O’Neill v Hamill, supra; Verdino v Hayes, 10 AD2d 978).
Ingle v Mark (supra) is clearly distinguishable. All that decision holds is that section 388 may not serve as a predicate for liability against an owner for punitive damages, based upon morally culpable or reckless conduct. That determination follows naturally from the nature of exemplary relief, as a punishment for morally reprehensible conduct. Thus, the public purpose to be accomplished would not be served by imposing responsibility on a party in the position of an owner as that in Ingle — the rental company.
It is quite a different matter to seek to shield an owner from responsibility for acts which rationally and realistically fall within the scope of the statute, merely because the operator, driving with the owner’s permission and consent, acted overly negligent, i.e., in a reckless or grossly negligent manner. This is especially so if one takes into account the statutory scheme, the policy underlying it, and the essence of the charge to be given to the jury under PJI 2:26, that a violation of a statute, if proximately related, is negligence (see, 1 NY PJI 121-122; 124-125 [1995 Supp]). The result advocated by movant here would emasculate the statute in such a manner as to defeat its prime objective and nullify the very responsibility, in terms of financial responsibility, which the statute was designed to create.
Accordingly, upon the foregoing, the motion for summary judgment dismissing the complaint as to defendant Taormina is denied in all respects.