**NEW ORLEANS STEVEDORING COMPANY, a Division of James J. Flanagan Shipping Corporation, Plaintiff-Appellant,**

v.

**The UNITED STATES, Defendant-Appellee.**

**No. 29570.**

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1971.

Ralph L. Kaskell, Jr., New Orleans, La., for plaintiff-appellant; Deutsch, Kerrigan & Stiles, New Orleans, La., of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Civil Division, Admiralty & Shipping Sect., Department of Justice, Washington, D. C., Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Morton Hollander, Robert E. Kopp, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before RIVES, AINSWORTH, and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This is an appeal from an order granting summary judgment in favor of the United States on the ground that the appellant's contract action was barred by the two-year statute of limitations of the Suits in Admiralty Act of March 9, 1920, c. 95, § 1 et seq., 41 Stat. 525, as amended, 46 U.S.C. § 741 et seq.,[1] as amended (Supp.1970). We affirm.

The conflict arises out of the alleged breach of two contracts between the appellant, New Orleans Stevedoring Company, and the Department of Defense. One contract provided "the unloading and loading of cars, barges, or trucks to and from piers, docks, wharves" at New Orleans and the other provided for stevedoring services at New Orleans in which the appellant agreed "to load and discharge cargoes and in connection therewith * * * perform all the duties of a stevedore on any [designated] vessel * * *." The first contract extended from October 1, 1957, until March 31, 1960; the second, from March 13, 1958, until March 31, 1960.

Sometime after the expiration dates of these contracts, the appellant filed claims with the Government for additional compensation under the contracts to recover overhead costs incurred as a result of a decline in the volume of shipping below that which the Government had estimated. These claims were denied by the Armed Services Board of Contract Appeals on May 16, 1962, and also disallowed by the General Accounting Office on December 1, 1964.

The appellant took no further action until this suit was filed in the Court of Claims on February 27, 1967. The United States responded by filing a motion to transfer or dismiss, in which it took the position that the claims were not within the jurisdiction of the Court of Claims under the Tucker Act, Act of March 3, 1887, c. 359, 24 Stat. 505, as amended, codified in part at 28 U.S.C. § 1491 (Supp.1970), but within the exclusive jurisdiction of the district courts of the United States under the Suits in Admiralty Act, supra, since the claim was based upon two maritime contracts, and requested that the action either be transferred to the Eastern District of Louisiana or, in the alternative, that the action be dismissed.

The Court of Claims referred the cause to a trial commissioner for the limited and sole purpose of ascertaining

---

1. 46 U.S.C. § 745 provides in pertinent part:

> Suits as authorized by this chapter may be brought only within two years after the cause of action arises. * * *

and reporting to the court whether the contracts were maritime in nature and thus not within the jurisdiction of the Court of Claims. After an evidentiary hearing held in New Orleans, the trial commissioner found the contracts to be maritime in nature and that the claims asserted were not within the jurisdiction of the Court of Claims. On October 18, 1968, the Court of Claims adopted the commissioner's determinations[2] and ordered the case transferred to the district court pursuant to 28 U.S.C. § 1506 (1970 Supp.).[3] The appellant failed at this time to seek review of the transfer order by way of certiorari to the Supreme Court as provided for by 28 U.S.C. § 1255. See Amell v. United States, 384 U.S. 158, 86 S.Ct. 1384, 16 L.Ed.2d 445 (1966).

Once in the district court, the United States filed a motion to dismiss on the ground that the cause of action had arisen more than two years prior to the date upon which the complaint had initially been filed in the Court of Claims and therefore was barred by the two-year statute of limitations contained in the Suits in Admiralty Act, supra. The appellant thereupon filed a motion in the Court of Claims seeking a revocation of the order of transfer on the ground of "surprise engendered by the procedural tactics of the defendant." The motion was denied by the Court of Claims. The appellant then filed a petition for a writ of certiorari with the Supreme Court seeking a reversal of the transfer order. The Government responded by noting that the petition was untimely and, on April 27, 1970, certiorari was denied. 397 U.S. 1064, 90 S.Ct. 1501, 25 L.Ed.2d 685. After converting the motion to dismiss into a motion for summary judgment, the district court granted summary judgment in favor of the United States, holding that the action was barred by limitations as a matter of law.

The appellant contends generally that it was error for the district court to hold that its claim was within the exclusive jurisdiction of the district courts under the Suits in Admiralty Act, supra, and thus barred by the applicable two-year statute of limitations. With this position we cannot agree.

First of all, it is basic that the United States may not be sued, in contract or otherwise, except when the Congress has expressly so provided by statute. United States v. Transocean Air Lines, Inc., 5 Cir., 1968, 386 F.2d 79, 81, cert. den. 389 U.S. 1047, 88 S.Ct. 784, 19 L.Ed.2d 839; McMahon v. Pan American World Airways, Inc., 5 Cir., 1962, 297 F.2d 268, 269. See Anderson v. United States, 5 Cir., 1956, 229 F.2d 675. It is likewise well established that a suit on a maritime contract against the United States is within the exclusive jurisdiction of the district courts of the United States under the Suits in Admiralty Act, supra, even if the claim, aside from its maritime nature, would ostensibly come within the jurisdiction of the Court of Claims under the Tucker Act, supra. United States v. Mississippi Valley Barge Line Co., 8 Cir., 1960, 285 F. 2d 381, 387 (and the cases cited therein, nn. 13, 14); Eastern S. S. Lines v. United States, 1 Cir., 1951, 187 F.2d 956, 959; Alaska Barge and Transport, Inc. v. United States, 373 F.2d 967, 970, 179 Ct.Cl. 216 (1967).

2. New Orleans Stevedoring Co. v. United States, 185 Ct.Cl. 604, cert. den. 397 U.S. 1064, 90 S.Ct. 1501, 25 L.Ed.2d 685.

3. Section 1506 provides:
    If a case within the exclusive jurisdiction of the district courts is filed in the Court of Claims, the Court of Claims shall, if it be in the interest of justice, transfer such case to any district court in which it could have been brought at the time such case was filed, where the case shall proceed as if it had been filed in the district court on the date it was filed in the Court of Claims.

92

After considering the nature and subject matter of the contracts here in question, the district court held that they were both essentially maritime in nature and thus within its exclusive jurisdiction under the Suits in Admiralty Act, supra, relying on, *inter alia*, Grant Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, 476, 42 S.Ct. 157, 66 L.Ed. 321 (1922), and Insurance Co. v. Dunham, 78 U.S. (11 Wall.) 1, 24, 20 L.Ed. 90 (1871). We cannot disagree with this holding. Moreover, we are of the persuasion that the decision of the Court of Claims that these contracts were maritime in nature and that the claims were thus within the exclusive jurisdiction of the district courts under the Suits in Admiralty Act, upon which the transfer order was predicated, works a collateral estoppel as to the jurisdictional issue thus litigated and thus is determinative of the issue. See Acree v. Air Line Pilots Association, 5 Cir., 1968, 390 F.2d 199, cert. den. 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122; United States v. Eastport Steamship Corporation, 2 Cir., 1958, 255 F.2d 795. On this basis, the district court's holding that the appellant's action was barred by limitation is eminently correct.

The appellant contends that the transfer order under Section 1506 had the effect of bringing with the transferred action the six-year period of limitations provided by the Tucker Act. 28 U.S.C. § 2501 (1965). This misapprehends the purpose of Section 1506, which is to authorize the Court of Claims to transfer a claim within the exclusive admiralty jurisdiction of the district courts and mistakenly filed with the Court of Claims in order to prevent the shorter limitations period in admiralty from barring further proceedings in the district court. Section 1506 does not have the effect the appellant attempts to find in it. See 2 U.S.Cong. & Admin. News 1960, p. 3583 et seq.

The judgment of the district court is hereby affirmed.

Affirmed.