**Lewis SKROCKI, Plaintiff,**

v.

**Gary Darwin BUTLER, Gene J. Lutzeier, and Secretary of State of the State of Michigan, jointly and severally, Defendants.**

**Civ. No. 35173.**

United States District Court,
E. D. Michigan, S. D.

March 25, 1971.

Jacob Alspector, Alspector, Sosin, Mittenthal & Barson, P.C., Detroit, Mich., for plaintiff.

Ralph B. Guy, Jr., U. S. Atty., by Robert A. Rosenberg, Asst. U. S. Atty., Detroit, Mich., for defendants.

## MEMORANDUM AND ORDER OF SUBSTITUTION, OF DISMISSAL AS TO UNITED STATES, AND OF REMAND

THORNTON, District Judge.

This action was removed from the state court by the United States, it being the Government's position that defendant Lutzeier was a government employee acting within the scope of his employment at the time of the auto accident involved herein. The Government, therefore, moved for substitution in the place of Lutzeier, pursuant to 28 U.S.C. A. § 2679.

The Court conducted an evidentiary in-court hearing on the "scope of employment" issue. Plaintiff Skrocki and defendant Lutzeier both testified concerning the background of the accident. Based on their testimony the Court made the determination that both plaintiff Skrocki and defendant Lutzeier were acting within the scope of their employment at the time of the accident. Therefore, under the provisions of 28 U.S.C.A. § 2679 defendant Lutzeier is not subject to the liability hereby sought to be imposed on him. The Court, therefore, ordered the United States of America substituted as a party defendant. Plaintiff then took the position that the substitution worked a dismissal of defendant Lutzeier in his driver capacity but that he must nevertheless remain as a defendant because he was the owner of the car being driven by him. Plaintiff relies on § 257.401, Michigan Compiled Laws, part of the Michigan Motor Vehicle Code. We are aware of the objectives of the state statute. We are also aware of the clear purpose and intent of the federal statute which protects federal employees from personal liability for motor vehicle accidents occurring while such employees are acting within the scope of their employment. The federal statute does not, however,

leave an aggrieved party without a remedy. It satisfies in spirit the statutory scheme—the United States is substituted in the place and stead of the federal employee. The United States stands in the shoes of the driver for purposes of personal liability. We think it also stands in the shoes of a registered owner where such registered owner was a federal employee. Those seeking to sue the driver/owner must, therefore, sue the United States. In this particular situation the plaintiff himself being a federal employee may have only his Federal Employees' Compensation Act remedy against the United States (5 U.S.C.A. § 8102, et seq.). We understand that plaintiff has availed himself of the provisions of said Act.

Plaintiff has presented no authority supportive of his contention that in the situation here present defendant Lutzeier may be held to owner liability to plaintiff Skrocki. There is a line of cases, however, indicating that he may not be so held. See Gilliam v. United States, 407 F.2d 818 (6th Cir. 1969), Vantrease v. United States, 400 F.2d 853 (6th Cir. 1968), Carr v. United States, 422 F.2d 1007 (4th Cir. 1970).

As to the defense of the statute of limitations raised by the United States, there seems to be no question but that plaintiff would be precluded on this ground alone from suing the United States. The statute of limitations bars a tort claim against the United States "unless it is presented in writing to the appropriate Federal Agency within two years after such claims accrues" (28 U.S.C.A. § 2401(b)), and the complaint in this case was filed July 19, 1970. The claim accrued at the time of the accident, July 28, 1967. There was almost a three-year interval between that date and the filing of the complaint.

There is no basis for holding either defendant Lutzeier or the United States as parties defendant in this case. It is hereby Ordered:

That the United States be substituted in the place and stead of defendant Lutzeier;

That defendant Lutzeier be dismissed as a party defendant;

That the United States be dismissed as a party defendant; and

That this cause be remanded to the Circuit Court for the County of Wayne from which it was removed.