ABRAMS v SINON

1. AUTOMOBILES—OWNER'S LIABILITY—DRIVER IMMUNITY.

    The owner liability act imposes liability on the owner of a motor
    vehicle even when the driver is immune from liability (MCLA
    257.401).

2. AUTOMOBILES—OWNER'S LIABILITY—DRIVER IMMUNITY—FEDERAL
    DRIVERS ACT.

    The Federal drivers act does not preclude liability of a third-
    party owner of a motor vehicle under a state owner liability act
    even when the driver is immune from liability under the
    Federal act because the intent of the Federal act is to protect
    government employees from personal liability rather than to
    protect third parties (28 USCA 2679.)

3. AUTOMOBILES—OWNER'S LIABILITY—DRIVER IMMUNITY—FEDERAL
    DRIVERS ACT—JURISDICTION.

    The remedy against the United States as provided by the Federal
    drivers act is exclusive of any other civil action or proceeding
    against a Federal government employee and must be brought
    in a Federal district court but tort claims against a third-party
    owner of a motor vehicle are not claims against the United
    States and jurisdiction as to them is not limited by the Federal
    drivers act and may be brought in a state court (28 USCA
    1346[b], 2679).

Appeal from Wayne, Charles S. Farmer, J. Sub-
mitted Division 1 November 8, 1972, at Grand
Rapids. (Docket No. 13060.) Decided December 6,
1972. Leave to appeal granted, 389 Mich 780.

Complaint by Max Abrams and Pearl Abrams
against Elayne M. Sinon and Dawn M. Sinon for
damages resulting from an automobile accident.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 570.
[2, 3] 35 Am Jur 2d, Federal Tort Claims Act § 71.

Wayne County Circuit Court affirmed an accelerated judgment for defendants as granted by the Common Pleas Court of Detroit. Plaintiffs appeal. Affirmed in part, reversed in part, and remanded to Common Pleas Court of Detroit.

*Friedman, Kraft & Cohen,* for plaintiffs.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Michael B. Haber),* for defendants.

Before: R. B. BURNS, P. J., and HOLBROOK and DANHOF, JJ.

R. B. BURNS, P. J. The automobile in which plaintiffs were riding was struck from the rear by an automobile driven by defendant Dawn Sinon. At the time of the accident Miss Sinon was an employee of the United States Post Office and was acting within the scope of her employment. The automobile being driven by Miss Sinon was owned by her mother, defendant Elayne Sinon.

Suit was filed in the Common Pleas Court of Detroit against Dawn Sinon, alleging negligence, and against Elayne Sinon, pursuant to the Michigan owner liability act. MCLA 257.401; MSA 9.2101. No action was ever brought against the United States.

Defendants moved for accelerated judgment claiming that under the Federal drivers act (75 Stat 539 [1961], 28 USCA 2679), plaintiffs' exclusive remedy is against the United States. The motion was granted. The Wayne County Circuit Court affirmed.

The circuit judge held that the Federal drivers act immunizes defendant Dawn Sinon from personal liability, but does not similarly immunize defendant Elayne Sinon. However, the circuit

judge held that suit against defendant Elayne Sinon was cognizable only by a Federal court.

Plaintiffs appeal dismissal of the action against Elayne Sinon. They concede that Dawn Sinon is immune from suit.

Three questions are presented for review:

First—Does the Michigan owner liability act authorize suit against the owner of a motor vehicle when the driver of that motor vehicle is immune from liability for negligent operation thereof and the driver's employer is required by law to bear the financial burden of its employee's negligence?

Second—Does the Federal drivers act preclude suit under a state owner liability act when a government employee acting within the scope of his employment negligently operates a motor vehicle belonging to another?

Third—If an owner may be sued in his individual capacity, does the Federal tort claims act limit jurisdiction to the Federal courts?

Our answer to the first question is "Yes", but "No" to the remaining two questions. Accordingly, we reverse the dismissal of suit against Elayne Sinon and remand to the Common Pleas Court of Detroit for further proceedings.

The Michigan owner liability act provides:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge." MCLA 257.401; MSA 9.2101.

The Supreme Court of this state has indicated that the owner liability act imposes liability on the

owner of a motor vehicle even when the driver is immune from liability and the victim may look to the driver's employer for relief. See *Ladner v Vander Band,* 376 Mich 321 (1965). In the *Ladner* case the plaintiff had been injured by a fellow employee's negligent operation of a motor vehicle on the employer's premises. The automobile involved did not belong to the driver. The Michigan Workmen's Compensation Act (MCLA 411.1 *et seq.;* MSA 17.141 *et seq.)* precluded suit by the victim against the driver, a fellow employee. The act also fixed the financial consequences of the accident on the driver's employer. Nonetheless, the Supreme Court held that the victim could sue the owner of the motor vehicle pursuant to the owner liability act. We cannot significantly distinguish the impact of the Michigan Workmen's Compensation Act from the impact of the Federal drivers act. Accordingly, we are compelled to hold that the *Ladner* decision is applicable to the facts of the instant case and that the Michigan owner liability act authorizes suit against defendant Elayne Sinon.

The Federal drivers act provides, in part:

"The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim." 28 USCA 2679(b).

28 USCA 1346(b) provides:

"Subject to the provisions of chapter 171 of this title [the Federal drivers act], the district courts, * * * shall have exclusive jurisdiction of civil actions on claims

against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Section 2762 of Title 28 provides for administrative adjustment of claims against the United States for the negligence of a government employee. Section 2675 requires that administrative adjustment be attempted before litigation is commenced.

We have read the legislative history of the Federal drivers act. It speaks only of Congress' intent to protect government employees from personal liability. Nothing is said about third parties. 2 US Code Cong & Admin News, 1961, p 2784 *et seq.* We have also read every decision, state and Federal, which cites the Federal drivers act. Only two of those decisions involve any distinction between driver and owner, and neither case resolves the questions before us.

In *Taggert v United States,* 262 F Supp 572 (MD Pa, 1967), the government was allowed to implead the insurer of the owner of an automobile driven by a government employee. We disagree with plaintiffs that it necessarily follows from the *Taggert* decision that owners may be sued in their individual capacities. With one exception, the Federal courts have held that the government may implead the insurer of its employee, should that employee be privately insured, if the government qualifies as an "additional insured" within the meaning of any private policy. *Government Employees Insurance Co v United States,* 349 F2d 83

(CA 10, 1965), *cert den* 382 US 1026; 86 S Ct 646; 15 L Ed 2d 539 (1966), *reh den* 383 US 939; 86 S Ct 1064; 15 L Ed 2d 857 (1966); *Adams v United States,* 241 F Supp 383 (SD Ill, 1965); *Barker v United States,* 233 F Supp 455 (ND Ga, 1964); *Patterson v United States,* 233 F Supp 447 (ED Tenn, 1964); *Nistendirk v United States,* 225 F Supp 884 (WD Mo, 1964). Nonetheless, it is clear that the employee may not be sued in his individual capacity. Therefore, it does not follow that an owner may be sued because his insurer may be impleaded.

In *Skrocki v Butler,* 324 F Supp 1042 (ED Mich, 1971), plaintiff therein argued that the Federal employee, although not individually liable as a driver, was liable as owner by operation of the Michigan owner liability act. The court rejected the claim and held the driver-owner immune from suit. To have held otherwise would have ignored the clear language of the Federal drivers act. In the instant case, however, the driver and owner are separate individuals.

Therefore, we must turn to the wording of the Federal drivers act. The Federal tort claims act, of which the Federal drivers act is a part, must be strictly construed. *Lomax v United States,* 155 F Supp 354 (ED Pa, 1957).

We would readily agree with defendant Elayne Sinon that plaintiffs' exclusive remedy is against the United States if 28 USCA 2679(b) read as follows:

"The remedy against the United States * * * shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter."

However, the Federal drivers act does not so read. Rather, it provides:

"The remedy against the United States * * * shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter *against the employee or his estate whose act or omission gave rise to the claim.*" (Emphasis added.)

Were we to hold that the Federal drivers act bars suit against defendant Elayne Sinon, we would be rendering the above-emphasized portion of the act mere surplusage.

The Federal district courts have exclusive jurisdiction only of tort claims "against the United States". 28 USCA 1346(b). The claim against Elayne Sinon is not against the United States and need not be. Accordingly, jurisdiction over the claim is not limited to the Federal courts.

Therefore, we affirm the dismissal of the cause of action against defendant Dawn Sinon. We reverse the dismissal of the cause of action against defendant Elayne Sinon and remand for proceedings consistent with this opinion.

Affirmed in part. Reversed in part. Costs to plaintiffs.

All concurred.