**Betty L. KINDREW, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 73–1471
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 5, 1973.

Michael Maher, Orlando, Fla., Daniel C. McCormic, Wildwood, Fla., for plaintiff-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., David V. Hutchinson, Eloise E. Davies, Robert E. Kopp, Admiralty & Shipping Section, U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

---

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**50**

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

On February 9, 1970, Betty L. Kindrew, the plaintiff-appellant, was standing on the deck of the United States Coast Guard Cutter JUNIPER at Tampa, Florida. She was struck by a line which was being heaved from a United States Naval vessel as it came alongside the JUNIPER.

The next day, she was notified by the United States Coast Guard legal officer that if it was her intention to file a claim it should be submitted on Standard Form 95, a set of which was enclosed in the communication.

On March 4, 1970, through her attorneys, Mrs. Kindrew filed a claim for $10,000.

On February 23, 1971, Chief Counsel for the Coast Guard notified claimant's attorneys that the government would pay $750 in settlement of the case, noting that the guests on the JUNIPER were warned to stand clear when the other vessel came alongside; moreover, Mrs. Kindrew's injuries had not required either hospitalization or that she be confined to bed at home. X-rays revealed no evidence of any fractures or dislocations.

This settlement was not accepted.

On May 3, 1972, twenty seven months after the accident and approximately fifteen months after notice of the rejection of the proposed settlement, this suit was filed.

The government pleaded the two year statute of limitations, 46 U.S.C. § 782; 46 U.S.C., § 745.

Although the government rejected the claim ten months before the statute of limitations attached, plaintiff contended below and contends here that the date on which she received notice of denial of the administrative claim, rather than the date of the injury, should be the date from which her cause of action must be deemed to have run.

The Coast Guard letter of March 26, 1971, informed Mrs. Kindrew, "Therefore there remains only our duty to advise you that you have a right to institute suit in district court in accordance with the provisions of the Public Vessels Act, 46 U.S.C., 785–790".

The judgment of the District Court, 352 F.Supp. 277, dismissing plaintiff's suit for having been filed more than two years after the date of the alleged injury must be affirmed under the authority of New Orleans Stevedoring Company v. United States, 5 Cir., 1971, 439 F.2d 89; McMahon v. United States, 1951, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 and Soriano v. United States, 1956, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306.

Affirmed.