**GULF REFINING COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**No. B-75-201-CA.**

United States District Court,
E. D. Texas,
Beaumont Division.

Jan. 15, 1976.

W. B. Edwards, William E. Schweinle, Jr., Houston, Tex., for plaintiff.

Roby Hadden, U. S. Atty., Tyler, Tex., Dennis R. Lewis, Asst. U. S. Atty., Beaumont, Tex., David V. Hutchinson, Trial Atty., U. S. Dept. of Justice, Washington, D. C., for defendant United States.

C. L. Soloman, Hinds & Meyer, Houston, Tex., for third-party defendant Liberty Shell and Materials Co.

## MEMORANDUM OPINION

JOE J. FISHER, Chief Judge.

This is both a suit under the Control Act Amendments of 1972, Federal Water Pollution, 33 U.S.C. § 1251 et seq., and an action in admiralty under the Suits in Admiralty Act, 46 U.S.C. §§ 741–752, brought by the plaintiff Gulf Refining Company to recover expenses incurred in the clean-up of a fuel oil discharge from the Barge CINDY B which belonged to the third party defendant Liberty Shell and Materials Company. The spill occurred in the Trinity River, a navigable body of water within the Eastern District of Texas, on March 7, 1972. Plaintiff's clean-up of the third party defendant's discharge was not a voluntary action, but rather was at the direction of an on-scene representative of the Texas Water Quality Board. On March 26, 1974, suit was filed in the United States Court of Claims alleging that the expenditures incurred fell within the costs described in 33 U.S.C. § 1321(i)(1).[1] The Court of

---

1. "In any case where an owner or operator of a vessel or an onshore facility or an off-
shore facility from which oil or a hazardous substance is discharged in violation of sub-

Claims on June 20, 1975, in an order without opinion, granted the motion for summary judgment of defendant United States, concluding that plaintiff's petition failed to comply with the jurisdictional requirements of 33 U.S.C. § 1321 (i)(1), but without prejudice to any claim in admiralty that plaintiff might assert. Pursuant to the provisions of 28 U.S.C. § 1506 and the decisions in *Brady v. Roosevelt Steamship Co.,* 317 U.S. 575, 578–79, 63 S.Ct. 425, 87 L.Ed. 471 (1943) and *Alaska Barge & Transport, Inc. v. United States,* 373 F.2d 967, 179 Ct.Cl. 216 (1967), plaintiff's admiralty claim was transferred to this court. On December 2, 1975, defendant United States filed a motion to dismiss alleging that this court lacked jurisdiction to hear the admiralty claim because of the bar of the statutory limitation found in 46 U.S.C. § 745.[2] For the reasons set out below, the motion to dismiss is to be granted.

The plaintiff contends that it is entitled to reimbursement of expenses incurred in cleaning up the oil discharge of a third party under the provisions of 33 U.S.C. § 1321, as well as payment for services rendered under general admiralty principles. The defendant asserts that the grant of summary judgment by the Court of Claims precludes this court from allowing plaintiff relief under § 1321, and further, in any event, that this court lacks jurisdiction of claims for reimbursement under that subpart of the Water Quality Improvement Act of 1970. We are of the opinion that this court is without jurisdiction to pass on such claims, so we do not reach any question of collateral estoppel.

The United States district court is without the requisite jurisdiction to pass on claims for the recovery of expenses incurred in cleaning up an oil discharge if such claims are asserted under 33 U.S.C. § 1321(i)(1). Exclusive jurisdiction to hear such suits was vested in the Court of Claims, as evidenced by the language of that section which reads in part:

> "In any case where an owner or operator of a vessel or an onshore facility . . . from which oil . . . is discharged . . . acts to remove such oil . . . such owner or operator shall be entitled to recover the reasonable cost incurred . . . upon establishing, in a suit which may be brought against the United States Government *in the United States Court of Claims* . . . ." (emphasis added).

Thus the Court of Claims was expressly chosen by Congress as the exclusive forum for recovery. This interpretation is buttressed by the language found in 33 U.S.C. 1321(n):

> "The several district courts of the United States are invested with jurisdiction for any actions, *other than actions pursuant to subdivision (i)(1) of this section,* arising under this section." (emphasis added).

*See, Burgess v. M/V Tamano,* 373 F. Supp. 839, 850 (S.D.Maine 1974). Further, the fund established by the Water

---

section (b)(3) of this section acts to remove such oil or substance in accordance with regulations promulgated pursuant to this section, such owner or operator shall be entitled to recover the reasonable costs incurred in such removal upon establishing, in a suit which may be brought against the United States Government in the United States Court of Claims, that such discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or (D) an act or omission of a third party without regard to whether such act or omission was or was not negligent, or any combination of the foregoing causes." .
33 U.S.C. § 1321(i)(1).

2. "Suits as authorized by this chapter may be brought only within two years after the cause of action arises: *Provided,* That where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter . . . .
46 U.S.C. § 745.

Quality Improvement Act of 1970 is available only to pay judgments of the Court of Claims and not judgments of a federal district court, 33 U.S.C. § 1321 (i)(3).[3]

When construing a statute, the parts should be harmonized with one another and with the general intent of the law making body. *Fleischmann Construction Company v. United States,* 270 U.S. 349, 360, 46 S.Ct. 284, 70 L.Ed. 624 (1926). Where jurisdiction over certain matters is expressly granted to one court while other matters are expressly excluded from that grant, it is only logical that the court has no jurisdiction over the matters excluded. Under the congressional scheme, it is the duty of the Court of Claims to pass on the merits of claims for reimbursement of clean-up expenses. The federal district court therefore lacks the jurisdictional grant to hear 33 U.S.C. § 1321(i)(1) suits, the only available forum for such recovery being the Court of Claims.

We therefore do not reach the question raised by the defendant as to whether the order of the Court of Claims was a conclusive determination on the merits of plaintiff's claim under 33 U.S.C. § 1321 (i)(1), nor whether plaintiff was ordered by an employee or representative of the United States to clean up the oil discharge.[4]

 Plaintiff secondly asserts a claim in admiralty against the United States, for which we find the exclusive remedy must be the Suits in Admiralty Act, 46 U.S.C. §§ 741–752, since waiver of sovereign immunity is a prerequisite to any suit brought against the United States under admiralty law or otherwise. As amended in 1960, 46 U.S.C. § 742 has been read to mean that where if a private person or property were involved a suit in admiralty could be maintained, an appropriate proceeding in personam may be brought against the United States under the Act. *Roberts v. United States,* 498 F.2d 520, 525 (9th Cir. 1974); *De Bardeleben Marine Corp. v. United States,* 451 F.2d 140 (5th Cir. 1971). The defendant contends, however, that this court lacks jurisdiction over the subject matter of the admiralty claim because plaintiff failed to bring its suit within two years after the cause of action arose.[5] Plaintiff's cause of action arose on March 7, 1972, the date it cleaned up the oil discharge involuntarily yet suit was not instituted until March 26, 1974, when plaintiff filed its petition in the Court of Claims. The limitation period under the statute is jurisdictional, and when raised as a defense deprives this court of the ability to entertain the suit. *McMahon v. United States,* 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26 (1951); *Roberts v. United States, supra; Kindrew v. United States,* 479 F.2d 49 (5th Cir. 1973).

Since this court does not have the necessary jurisdiction to pass on plaintiff's claim for reimbursement, and since the statute of limitations of the Suits in Admiralty Act prevents plaintiff from asserting any admiralty claim against the United States, defendant's motion to dismiss is well taken and should be granted. An order will be entered accordingly.

---

3. "Any amount paid in accordance with a judgment of the United States Court of Claims pursuant to this section shall be paid from the funds established pursuant to subsection (k) of this section."
33 U.S.C. § 1321(i)(3).

4. We further do not reach the question of whether one who is not the "owner or opera-

tor" of the vessel or facility from which the oil is discharged can recover under the Water Quality Improvement Act of 1970, though we suspect that by its explicit language he may not.

5. Note 2, *supra.*