**James J. REILLY and Lorraine A. Reilly, Plaintiffs,**

v.

**Winifred J. PETERSON, Eric W. Peterson and the United States of America, Defendants.**

No. 76 Civ. 2855.

United States District Court, S. D. New York.

Aug. 11, 1977.

Haight, Gardner, Poor & Havens, New York City, for plaintiffs.

Gerald McCloskey, Bardonia, N.Y., for defendants Winifred and Eric Peterson.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for the U. S.; Louis G. Corsi, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

James and Lorraine Reilly have sued Mrs. Winifred J. Peterson on account of injuries sustained in an automobile accident. At the time of the accident, Mrs. Peterson was acting within the scope of her employment with the Bureau of the Census, United States Department of the Treasury (the Census Bureau). On June 18, 1975 the plaintiffs commenced this action in New York Supreme Court, Dutchess County, against Mrs. Peterson, the driver, and her husband Eric, the owner of the vehicle. Plaintiffs, however, failed to file a claim for damages with the Census Bureau within two years of the incident as required by 28 U.S.C. §§ 2401(b) and 2675(a).[1] On June 29,

---

1. 28 U.S.C. § 2401(b) provides in relevant part: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."

28 U.S.C. § 2675(a) provides in relevant part:

1976, the action was removed to this court and the United States became a party defendant pursuant to sections (b) and (d) of 28 U.S.C. § 2679. The government now moves for summary judgment, contending that this court lacks subject matter jurisdiction under § 2675(a), and that this action is barred by the limitations period of § 2401(b).

Plaintiffs first argue that this action should be remanded to state court to proceed against the Petersons individually, because the defendants, by their "inequitable" conduct, have waived the right to invoke the provisions of 28 U.S.C. § 2679(b)–(d).[2] We do not agree.

 Plaintiffs allege that they were prejudiced by a "conspiracy" among the defendants to prevent the disclosure of the government's role in this case until the time for filing the required administrative claim had passed. The record, however, belies that allegation. When plaintiffs brought this action in state court, Mrs. Peterson promptly notified her superiors at the Census Bureau as required by § 2679(c). Shortly thereafter, and before the statutory period for filing plaintiffs' claim had expired, the Census Bureau wrote to Mr. Reilly (on June 27, 1975) as follows:

"Mrs. Winifred Peterson informed me of your action in regards to the motor vehicle accident which occurred on February 5, 1974. Please complete the Form SF–95 enclosed, retain one for your files, and return the original and two copies along with supporting documents, reports, etc. if any."

"[T]he district court generally should hesitate to find that a defendant has waived a right to remove under § 2679." 1A J. Moore, Federal Practice, ¶ 0.164[4.–11], at 330 n. 15 (2d ed. 1974). When, as in this case, the defendant driver complies with § 2679(c), and the government agency involved promptly informs the plaintiff what action to take, finding so extraordinary an act as waiver would be inappropriate.

 Plaintiffs next argue that, in the alternative, the limitation period of § 2401(b) was tolled by estoppel, because they were prevented from receiving timely notice to file the required claim by the government's failure to comply with its statutory duty to defend Mrs. Peterson immediately upon learning of the action against her. This argument is also unpersuasive. The limitations period of § 2401(b) has often been held to be jurisdictional and not subject to estoppel. *Binn v. United States*, 389 F.Supp. 988, 991 (E.D.Wisc. 1975); *Driggers v. United States*, 309 F.Supp. 1377, 1379 (D.S.C.1970). Moreover, the elements which might evoke estoppel are absent in this case. When an action is initially commenced in a state court against the driver, effectuation of the exclusive

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ."

2. 28 U.S.C. § 2679(b) provides in relevant part:

"The remedy against the United States . . . for injury or loss of property . . . resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his . . . employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee . . . whose act or omission gave rise to the claim."

28 U.S.C. § 2679(c) provides in relevant part:
". . . The employee against whom such civil action or proceeding is brought shall deliver . . . all process served upon him . . . to his immediate superior or to whomever was designated by the head of his department to receive such papers . . . ."

28 U.S.C. § 2679(d) provides in relevant part:
"Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States . . . and the proceedings deemed a tort action brought against the United States . . . ."

remedy provision of § 2679(b) must be accomplished under subsection (d) of that statute. *Meeker v. United States*, 435 F.2d 1219, 1222 (8th Cir. 1970). Under § 2679(d) the government had no obligation to appear in this action until the Attorney General certified that Mrs. Peterson was acting within the scope of her federal employment at the time of the accident. Plaintiffs could not therefore have reasonably relied on an immediate appearance by the government. Further, as noted above, plaintiffs were in fact notified by the government in June of 1975 as to how an administrative claim should be filed in this case.

 The Reillys are on firmer ground in arguing that the claim against Mr. Eric Peterson must be remanded to state court. We cannot agree with the United States Attorney that the policy of the Federal Drivers Act also prevents this action from continuing against Mr. Peterson. 28 U.S.C. § 2679(b) bars plaintiffs from bringing a civil action " . . . against the *employee* . . . whose act or omission gave rise to the claim." (emphasis added). Mr. Peterson is not a federal employee, nor did his act give rise to the claim. Therefore state law controls the claim against him. See *Abrams v. Sinon*, 44 Mich.App. 166, 205 N.W.2d 295 (1972), *aff'd*, 390 Mich. 387, 212 N.W.2d 14 (1973). There being no diversity between plaintiffs and Eric Peterson, this court lacks jurisdiction to hear the claim against him.

Accordingly, the government's motion for summary judgment dismissing the claim against the United States and Mrs. Peterson is granted. Plaintiffs' claim against Eric Peterson is remanded to the New York Supreme Court, Dutchess County, for trial.

It is so ordered.