**Alonzo J. KLING and Rene L. Martin, Plaintiffs–Appellants,**

v.

**Dr. Roland WAGUESPACK, M. D. and Mrs. Carol Waguespack, wife of Dr. Roland Waguespack, Defendants–Appellees.**

No. 80–3368

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

Jan. 26, 1981.

Douglas S. Draper, Rhodes J. Spedale, Jr., New Orleans, La., for plaintiffs–appellants.

Chaffe, McCall, Phillips & Toler, Charles L. Chassaignac, Roderick M. McFaull, New Orleans, La., for defendants–appellees.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Appellants, Alonzo J. Kling and Rene L. Martin, former officers, directors and majority shareholders of Gulf Caribbean Enterprises, Inc., now discharged in bankruptcy, brought this action in admiralty against the state court appointed liquidator of the corporation, Carol Waguespack and her husband Dr. Roland Waguespack, M.D. Subsequent to her appointment as liquidator of the corporation, presumably acting pursuant to a state court order, Mrs. Waguespack initiated some character of a bankruptcy proceeding. Appellants claim that Mrs. Waguespack breached the fiduciary duty with which she was charged as liquidator under La.Rev.Stat.Ann. § 12:145(G) (West 1969) by permitting the M/V TAURUS, a corporate asset, to become damaged and, as a result, eventually sink. The District Court granted the Waguespacks' motion to dismiss for lack of subject matter jurisdiction. We find that whether this action is characterized as sounding in tort, as Appellants contend, or in contract or quasi–contract, as the Waguespacks contend, it is not within the admiralty jurisdiction of this Court. This is true whether this action is looked upon as one against Mrs. Waguespack as a state court liquidator or as some character of fiduciary under a bankruptcy proceeding. Accordingly, we affirm.

*Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972) put to rest the notion that merely because a tort occurs upon the navigable waters of the United States, it falls within the admiralty jurisdiction of the federal courts. This Court, in *Kelly v. Smith*, 485 F.2d 520, 524–25 (5th Cir. 1973), *cert. denied sub nom. Chicot Land Co., Inc.*

*v. Kelly*, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974), held that the alleged wrong "must bear a significant relationship to maritime activity", and outlined four factors to be considered in this analysis:

> [T]he functions and roles of the parties; the types of vehicles and instrumentalities involved; the causation and type of injury; and traditional concepts of the role of admiralty law.

Applying these factors, it is clear that this action, even if properly characterized as a tort action, falls outside the admiralty jurisdiction. First, the parties involved are parties to the liquidation of a corporation, a state law concern. Second, although the vehicle involved in this case was a vessel, its only significance to this action seems to be the fact that it was a corporate asset. Third, the causation and type of injury alleged by Appellants concerns an omission constituting a breach of an obligation imposed under state law, only incidentally involving a vessel. Finally, the traditional concept of the role of admiralty law would not appear to include the resolution of a state law question concerning the duty of a liquidator.

If this case is properly characterized as a contract or quasi–contract action, it similarly falls outside the admiralty jurisdiction of this Court, a point which Appellants do not appear to vigorously dispute. The obligation, if any, involved in this case was imposed by state law and although the alleged breach concerned a vessel, the obligation itself cannot be characterized as essentially maritime in nature. *See Richard Bertram & Co. v. Yacht, WANDA*, 447 F.2d 966, 967–68 (5th Cir. 1971); *New Orleans Stevedoring Co. v. United States*, 439 F.2d 89, 92 (5th Cir. 1971).

While we find that this case was properly dismissed by the District Court for want of jurisdiction, we make no intimations as to the ultimate merits, or demerits, of Appellants' state law claims.

AFFIRMED.