Angelina MENTIS, Plaintiff,

v.

UNITED STATES POSTAL
SERVICE, Defendant.

No. CIV-82-293-T.

United States District Court,
W. D. New York.

Sept. 20, 1982.

Webster, Walz, Sullivan, Santoro & Clifford, Rochester, N. Y., Donald R. Bleier, Rochester, N. Y., of counsel, for plaintiff.

Salvatore R. Martoche, U. S. Atty., David A. Rothenberg, Asst. U. S. Atty., Rochester, N. Y., for defendant.

MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

On July 13, 1981, Mrs. Angelina Mentis was involved in an automobile accident with a United States postal vehicle. Mrs. Mentis believed the accident was caused by the negligent operation of the postal vehicle and therefore sought to hold the United States government liable for the damage done to her car. On July 31, 1981, Mrs. Mentis filed a timely administrative claim with the United States Postal Department, and on September 4, 1981, she was notified by mail that her administrative claim for property damage was being denied. Thus, as of September 4, 1981, Mrs. Mentis had six months in which to commence a lawsuit in Federal District Court regarding the government's liability for the accident.

The confusion in the present case results from the fact that some time late in September, 1981, plaintiff insurance carrier,[1] General Accident Group (General Accident) pursuant to collision coverage in its policy paid Mrs. Mentis for her loss (less the

---

1. Even though the instant lawsuit was commenced in the name of Angelina Mentis, there is no dispute that the actual plaintiff is General Accident Group. In fact, General Accident has

$100.00 deductible) and subrogated itself to her rights of recovery for any and all damage from the July 13th accident. A copy of the subrogation agreement, dated September 27, 1981, and signed by Mrs. Mentis has been submitted to the court. In pursuing Mrs. Mentis' claim, General Accident did *not* file a lawsuit in Federal District Court. Rather, on September 23, 1981, General Accident filed a *second* administrative claim with the Postal Service. This claim stated that General Accident had paid Mrs. Mentis for her loss and requested reimbursement for the damage done to the automobile as a result of the accident with the postal vehicle. On October 15, 1981, General Accident received (by mail) notification that the Postal Service was denying their claim for reimbursement. Thereafter, on March 31, 1981 plaintiff commenced the instant lawsuit by filing the complaint with the Clerk of the Court.

The dispute thus becomes clear. The government claims that the six month statute of limitation in which to file a federal court lawsuit began to run on the day Mrs. Mentis received her administrative claim denial letter, and thus expired long before the instant lawsuit was commenced. General Accident argues that the statute of limitations did not expire until six months after *it* received the letter denying *its* claim for reimbursement based upon the subrogation agreement with Mrs. Mentis. If General Accident's argument is adopted, the instant lawsuit is not time barred for it was filed within six months of the October 15th letter from the Postal Service denying its claim.

It is important to note initially that there was only one automobile accident with a postal vehicle on July 13, 1981, and there can be only one starting point from which the limitation periods contained in 28 U.S.C. 2401(b) can begin to run. The only issue then is whether the subrogation agreement executed between the insured and her insurance carrier served to extend the six

month limitation period. For the following reasons, I hold that it does not.

■ Subrogation is an equitable doctrine that allows a person who pays the loss or satisfies the claim of another to substitute himself for that person and assert his rights. *Stafford Metal Works, Inc. v. Cook Paint and Varnish Co.*, 418 F.Supp. 56, 58 (N.D.Tex.1976). Under the doctrine of subrogation of an insurer, the insurer "can take nothing by subrogation but the rights of the insured, and is subrogated to only those rights as the insured possesses." *Quarles Petroleum Co. v. United States*, 551 F.2d 1201, 1207 (Ct.Cl.1977). Thus the subrogee literally "stands in the shoes" of the insured and obtains equivalent but no greater rights than the insured. *Id.* The insurance company is therefore subject to whatever defenses the tortfeasor could have asserted against the insured. *Great American Insurance Co. v. United States*, 575 F.2d 1031 (2nd Cir. 1978).

■ Applying these principles to the instant case, the subrogation agreement executed between General Accident and Mrs. Mentis could not expand the rights of the insurer. The cause of action accrued, and thus the statute of limitations began to run on the date when Mrs. Mentis' car was damaged, and not on the date when General Accident paid the loss to Mrs. Mentis or the date the subrogation agreement was executed. Accordingly, after March 4, 1982 (six months after Mrs. Mentis received her claim denial letter from the Postal Service) *nobody* had any right to sue the government for property damage resulting from the July 13th accident.

Nevertheless, counsel for General Accident forcefully urges this Court to hold the government estopped from claiming the six month statute of limitations to have expired based upon the form letter they received from the postal service denying their administrative claim. The last paragraph of the claim denial letter states as follows:

requested the court to amend the caption of the case to reflect that change. The plaintiff named in the caption has no effect on this

court's holding in the case and therefore the request to amend the caption will not be considered.

In compliance with regulations, and in view of our final determination in this matter, please be advised that if you are dissatisfied, you may file suit against the United States in an appropriate United States District Court not later than six months from the date of this letter. This language warning the claimant of the six month statute of limitations is required by federal regulations. 28 C.F.R. § 14.-19(a). General Accident argues that this language estops the government from claiming that the statute of limitations expired six months after Mrs. Mentis received her claim denial letter. This argument must be rejected for several reasons.

 First, when statute of limitations are fixed by Congress, they may not be lengthened by estoppel or waived by the acts of agents of the United States. *Kindrew v. United States,* 352 F.Supp. 277 (M.D.Fla.1972) *aff'd,* 479 F.2d 49 (5th Cir. 1973); *Reilly v. Peterson,* 435 F.Supp. 862 (S.D.N.Y.1977). This is true even if a person has innocently relied to their detriment on misinformation received from a government agency. As one court has explained:

> Parties dealing with the government are charged with the knowledge of and are bound by statutes and lawfully promulgated regulations despite reliance to their pecuniary detriment upon incorrect information received from government agents or employees. Failure to comply with the applicable statute and regulations precludes recovery against the government no matter what good reason the claimant believed she had come within the requirements. Estoppel will not lie regardless of the financial hardship resulting from innocent ignorance. (citations omitted).

*Flamm v. Ribicoff,* 203 F.Supp. 507, 510 (S.D.N.Y.1968) *quoted in Goldberg v. Weinberger,* 411 F.Supp. 88, 91 (E.D.N.Y.1976). While the oft-quoted observation of the Supreme Court that "men must turn square corners when they deal with the government",* is applicable here, it would seem that the government should be obligated to turn the same corners as squarely at least

to the extent of correctly corresponding with the public. However, this Court is mindful of its affirmative duty to observe the conditions defined by Congress for charging the public treasury, notwithstanding that pecuniary hardships may result. *Federal Crop Insurance Corporation v. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). Accordingly, I am compelled under these facts to find the instant lawsuit to not have been properly filed within six months of the claim denial letter and grant the defendant's motion to dismiss the complaint.

SO ORDERED.

---

* *Rock Island Railroad v. United States,* 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920).