**PLATTE PIPE LINE COMPANY, a Delaware corporation, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America and Willwood Irrigation District, a Wyoming corporation, Defendants–Appellees.**

No. 85–2380.

United States Court of Appeals, Tenth Circuit.

May 9, 1988.

John P. Connor, Marathon Oil Co., Casper, Wyo. (Patrick Dixon, Murane & Bostwick, Casper, Wyo., with him on the brief), for plaintiff-appellant.

Robert L. Klarquist, Dept. of Justice, Washington, D.C. (Richard Aldrich, U.S. Dept. of the Interior, Billings, Mont., F.

---

Henry Habicht, II, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., Richard A. Stacy, U.S. Atty., Francis Leland Pico, Asst. U.S. Atty., Cheyenne, Wyo., and Julie A. Weisman and Ellen J. Durkee, Dept. of Justice, Washington, D.C., with him on the brief), for defendants-appellees.

Before ANDERSON, McWILLIAMS and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

This appeal involves jurisdictional questions pertaining to plaintiff-appellant Platte Pipe Line Company's (Platte) action to recover cleanup costs and other expenses incurred in the aftermath of an oil spill. Platte is a common carrier engaged in the transportation of crude oil by pipeline between Big Horn Basin, Wyoming and Wood River, Illinois. On August 2, 1982, approximately 3,880 gallons of fuel leaked from the pipeline in Big Horn County, Wyoming and eventually flowed into the Shoshone River.

Platte's amended complaint alleged that the leak was due to a rupture in the pipeline caused by the negligent act of an employee of defendant Willwood Irrigation District (Willwood). The complaint further alleged that defendant-appellee United States of America (the United States) was independently negligent and vicariously liable for the rupture of the pipeline and for the expenditures resulting from the discharge of the crude oil. Seeking judgment in the amount of $539,000,[1] Platte prayed for damages reflecting its expenditures for the cleanup of the oil spill, for repair and

replacement of the pipeline, for third party claims for damage to land and livestock, for penalties assessed by governmental agencies and for contingent liability for loss of oil. Platte's common law negligence claim against Willwood was based on diversity jurisdiction, 28 U.S.C. § 1332, while its sundry claims against the United States were based on the Federal Torts Claim Act (FTCA), 28 U.S.C. § 1346(b).

On August 8, 1984, the district court dismissed the United States as a party defendant. Platte commenced an appeal, which was dismissed by this court as premature. *Platte Pipe Line Co. v. United States*, No. 85–1122, slip op. at 2 (10th Cir. July 11, 1985). Subsequently, Platte and Willwood entered into a settlement agreement. The agreement resulted in a consent judgment in favor of Platte and a further order dismissing Platte's action against the United States. As presently expressed by Platte, the consent judgment resolved all issues save those raised in the instant appeal concerning the dismissal of its claims against the United States. Those issues are 1) whether the Claims Court has exclusive jurisdiction over an action to recover oil spill cleanup costs and 2) whether the district court erred in dismissing all of Platte's FTCA claims. We affirm in part and reverse in part.

In addressing the question of the proper forum in which to bring an action to recover oil spill cleanup costs from the United States, we recognize that the pertinent section of the Clean Water Act, 33 U.S.C. § 1321(i)(1),[2] is not a model of clarity

---

1. The total amount of the damages sought included the following approximate expenses allegedly incurred by Platte: $383,147.61 for containment and cleanup costs; $3,500.00 for repair and replacement of the pipeline; $3,700.00 for third party claims for damages to land and livestock; $33,692.69 for penalties paid to governmental agencies; and $115,000 for contingent liability for loss of oil.

2. 33 U.S.C. § 1321 provides in pertinent part:
   (i) **Recovery of removal costs.** (1) In any case where an owner or operator of a vessel or an onshore facility or an offshore facility from which oil or a hazardous substance is discharged in violation of subsection (b)(3) of this section acts to remove such oil or sub-

stance in accordance with regulations promulgated pursuant to this section, *such owner or operator shall be entitled to recover the reasonable costs incurred in such removal upon establishing, in a suit which may be brought against the United States Government in the United States Claims Court,* that such discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or (D) an act or omission of a third party without regard to whether such act or omission was or was not negligent, or of any combination of the foregoing causes.
   (Emphasis added).

in legislative draftmanship. We nevertheless agree with the district court's conclusion that the Claims Court has exclusive jurisdiction over such claims. *Platte Pipe Line Co. v. United States*, 599 F.Supp. 45, 46–47 (D.Wyo.1984). As explained by the district court, the intent of Congress as reflected in the Clean Water Act would be frustrated if Platte were allowed to bring an action for cleanup costs under the FTCA.[3] *Id.* at 46. Although apparently no court of appeals has addressed the purported conflict between § 1321(i)(1) of the Clean Water Act and the FTCA, it should be noted that the Claims Court has likewise concluded that the language of the Clean Water Act "clearly allocates exclusive jurisdiction of subsection (i)(1) actions" to the Claims Court. *Sea–Land Service, Inc. v. United States*, 684 F.2d 871, 873 (Ct.Cl.1982); *see also Gulf Refining Co. v. United States*, 69 F.R.D. 300, 302–03 (E.D. Tex.1976).

The second issue raised by Platte is more problemmatical, and compels us to reverse the district court's dismissal of Platte's remaining FTCA claims and remand for the reinstatement of those claims. Platte makes a cogent argument, with which the United States apparently agrees,[4] that its non-cleanup cost claims are cognizable under the FTCA. That argument comports with our reading of the relevant Claims Court cases, which indicate that the Claims Court has no subject matter jurisdiction over claims sounding in tort, including allegations of negligence on the part of employees of the United States. *See* 28 U.S.C. § 1491(a)(1); *Pinkston v. United States*, 6 Cl.Ct. 263, 267 (1984); *Krigel v. United States*, 662 F.2d 741, 746–47 (Cl.Ct.1981); *see also Sea–Land Service, Inc. v. United States*, 684 F.2d at 873–74

(no jurisdiction over claim for refund of civil penalty).

The United States nevertheless addresses the merits of Platte's allegations of negligence and argues that they were properly dismissed because they are not actionable under the FTCA. The district court's analysis focused on the jurisdictional question regarding the recovery of the cleanup costs, and in granting the United States' motion to dismiss Platte's claims "for any expenses incurred in the course of cleaning up the alleged oil spill," the court did not differentiate among the various claims made by Platte. *Platte Pipe Line Co. v. United States*, 599 F.Supp. at 47. Thus, the present posture of this case precludes this court from addressing the merits of Platte's remaining FTCA claims.

In conclusion, we affirm the district court's dismissal without prejudice of Platte's claim seeking recovery of oil spill cleanup costs. We reverse the dismissal of the remaining allegations of negligence and remand for the reinstatement of those claims. In reversing and remanding for reinstatement of the non-cleanup negligence claims, we do not decide whether those claims come within the purview of 33 U.S.C. § 1321(i)(1) or whether they state a viable FTCA cause of action. The United States should be afforded the opportunity to renew its motion to dismiss, in which it may address the merits of Platte's negligence claims.

AFFIRMED IN PART AND REVERSED IN PART.

---

3. The word "may" as used in § 1321(i)(1) should be construed as a waiver of sovereign immunity and not, as Platte asserts, a grant of discretion to the district courts to decide whether to exercise subject matter jurisdiction over claims against the United States to recover oil spill cleanup costs. That construction follows from reading § 1321(i)(1) in conjunction with § 1321(n), which provides that "[t]he several district courts of the United States are invested with jurisdiction for any actions, *other than actions pursuant to subsection (i)(1)*, arising un-

der this section." (Emphasis added). *See Sea– Land Service, Inc. v. United States*, 684 F.2d 871, 873 (Ct.Cl.1982).

4. At oral argument on its successive motions to dismiss, the United States conceded that Platte's non-cleanup cost claims were cognizable under the FTCA. Rec. vol. II at 30; rec. vol. IV at 9. Similarly, it has stated on appeal that such claims could not be recovered in a § 1321(i)(1) action for cleanup costs. Appellee's Brief at 27.